HASTINGS INDUSTRIAL COMPANY v. COPELAND.

## Opinion delivered October 12, 1914.

1. APPEAL AND ERROR—REFUSAL TO GIVE REQUESTED INSTRUCTIONS—EXCEPTIONS.—A general exception to the refusal of the court to give several instructions requested collectively, will not be considered on appeal if any of them was properly refused.

2. CONTRACTS—RULE OF CONSTRUCTION—INTENTION.—In construing a contract the object is to arrive at the intention of the parties as shown by the circumstances surrounding the making of the contract, the situation and relation of the parties, and the sense in which, taking these things into consideration, the words used would naturally be understood.

3. CONTRACT—CONSTRUCTION—INTENTION OF PARTIES.—The parties to a contract will be held bound to the construction which they themselves have placed upon it.

4. CONTRACTS—CONSTRUCTION—ENFORCEABILITY.—As between two constructions of a contract, each of which is reasonable, one of which will make the contract enforceable, and the other will make it unenforceable, that construction which makes the contract enforceable will be preferred.

Appeal from Howard Circuit Court; *Jefferson T. Cowling,* judge; affirmed.

*A. F. Auer,* for appellant.

The instructions given by the court ignored the fact that it was appellee's duty to ascertain whether the soliciting agent had any authority other than to solicit subscriptions.

"One who deals with a special agent is bound to ascertain the nature and extent of his authority." 74 Ark. 561; 23 Ark. 411; 101 Ark. 75. The agreement of the soliciting agent to give appellee a "job of hauling" was inconsistent with the plain language of the contract, and not enforceable. 92 Ark. 508.

*J. W. Bishop* and *J. G. Sain,* for appellee.

The authority of the ordinary agent receiving subscriptions for shares on behalf of a corporation or other shareholders, is limited by the prescribed condition and any irregular contract would be contrary to the implied prohibition of the law. 1 Morowitz on Corp., § 73. But there is no proof in the record that this subscription was not authorized.

Appellee was a conditional subscriber, the condition being that he would be permitted to pay for the share in hauling. 1 Morowitz on Corp., § § 78, 86, 95, 100, 101.

HART, J. The Hastings Industrial Company, a corporation organized and doing business in the city of Chicago, State of Illinois, instituted this action before a justice of the peace against J. M. Copeland to recover an amount alleged to be due it upon a subscription contract. There was a verdict and judgment for the defendant in the justice of the peace court, and the plaintiff appealed. In the circuit court there was again a verdict and judgment for the defendant, and the plaintiff has appealed to this court.

The foundation of the action was a written contract between the Hastings Industrial Company and the other subscribers to the contract, whereby the former agreed to construct and equip for the subscribers a centrifugal power creamery and ice cream plant, and each subscriber agreed to pay therefor the amount set opposite his name. The contract provided that the subscribers thereto, after the ice cream plant was constructed, should organize a corporation, and each one should become a shareholder in the amount paid by him for the construction of the plant.

The defendant Copeland became a subscriber to this contract, and agreed to pay for the construction of the plant the sum of $100. The agent of the corporation, at the same time the contract sued on was executed, executed a written agreement with the defendant agreeing to pay him $3.50 per day for hauling, to be applied on his share of stock. The agreement further provided that the de-

fendant was to have ninety days for the payment of any part of his subscription that had not been paid in hauling.

The defendant testified that he kept his team ready to perform the hauling during the time provided in the contract, and that the plaintiff refused to permit him to do any hauling to be applied on his subscription, and that he did not thereafter participate in the organization of the corporation for the purpose of operating the ice cream plant, and did not consider himself in any way bound on his subscription for the construction of the same.

Other evidence was also introduced by him to that effect, and also to the effect that the agent of the plaintiff, with whom he made the contract for the hauling, was its general agent in regard to taking the subscription and making the contract.

The plaintiff asked the court to give seven instructions in its behalf, and excepted to the action of the court in refusing to give them. The refusal of the court to give these instructions is now assigned as error for which the judgment should be reversed. Some of the instructions asked by the plaintiff were peremptory in their nature in that they asked the court to tell the jury, as a matter of law, that the agent of the plaintiff who procured the defendant's signature to the contract was a special agent, and that his authority was limited to getting subscriptions for the establishment of the creamery.

(1)    There was evidence in the record from which the jury might have inferred that the authority of the agent of the principal was not limited to getting subscriptions for the establishment of the creamery. The exceptions of the plaintiff to the refused instructions were in gross, and it is well settled that a general exception to the refusal to give several instructions requested collectively will not be considered on appeal if any of them was properly refused. *Tiner* v. *State,* 109 Ark. 138, and cases there cited.

(2)    In construing a contract, the object is to arrive at the intention of the parties as shown by the circumstances surrounding the making of the contract, the sit-

uation and relation of the parties, and the sense in which, taking these things into consideration, the words used would naturally be understood. *Alf Bennett Lumber Co. v. Walnut Lake Cypress Co.,* 105 Ark. 421.

The parties to the present contract have adopted a construction of it which we think is binding on them. In others words, the parties to the contract have treated it as a conditional subscription on the part of the defendant. According to the interpretation placed on this contract by the parties themselves, the defendant was not to pay any part of his subscription unless allowed to do so by hauling material for the construction of the ice cream plant, at the price of $3.50 per day.

The contention made by counsel for the plaintiff in the court below was that the agent of the plaintiff who secured the subscription, did not have authority to make the contract with the defendant for the hauling. As we have already stated, there was testimony tending to show that he had authority to make that contract, and that he did not allow the defendant to do any hauling in payment of his subscription.

(3) The parties themselves having placed a particular construction on the contract, they will be held bound to that construction here.

(4) Again, it is objected by counsel for plaintiff that the contract for the hauling is void because too indefinite. As between two constructions, each reasonable, one of which will make the contract enforceable, and the other of which will make it unenforceable, that construction which makes the contract enforceable will be preferred. Thus, if a contract is open to two constructions, one of which will accomplish the intention of the parties, and the other of which will defeat such intention, or will make the contract meaningless, the former construction is to be preferred. Page on Contracts, Vol. 2, paragraph 1120.

Tested by this principle of law, we do not think the contract was too indefinite to be enforceable. By its own terms it was capable of definite enforcement and capable

of being performed according to the interpretation which the parties themselves placed upon it.

No other grounds were alleged by the plaintiff for the reversal of the judgment in its motion for a new trial, and, according to the well settled rules of this court, no other grounds than those mentioned in the motion can be considered by us on appeal.

It follows that the judgment must be affirmed.