# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

ASHLEY, DREW & NORTHERN RAILWAY COMPANY *v.*
BAGGOTT & BOYD.

Opinion delivered June 26, 1916.

CONTRACTS—INDEFINITENESS—UNENFORCIBILITY.—Courts neither specifically enforce contracts nor award substantial damages for their breach when they are wanting in certainty; damages cannot be measured for the breach of an obligation when the nature and extent of the obligation is unknown, being neither certain nor capable of being made certain.

Appeal from Drew Circuit Court; *Turner Butler,* Judge; reversed.

*Henry & Harris,* for appellant.

The contract was too uncertain and indefinite to be enforceable, and was wanting in mutuality. 6 R. C. L. 644; 86 Ark. 97; 70 *Id.* 568; 23 *Id.* 63; 100 *Id.* 510; 5 Am. St. 103; 7 Am. and Eng. Enc. Law (2 ed.), 114; 90 Ark. 504; 64 *Id.* 398.

*R. W. Wilson* and *C. H. Moses,* for appellee.

The contract was sufficiently definite to be enforced. On the strength of the contract plaintiffs equipped themselves to do the work, and expended their money on the faith thereof. There was a consideration and mutuality. 70 Ark. 232; 56 *Id.* 188; 91 *Id.* 367; 110 U. S. 338; 95 Ark. 421; 105 *Id.* 580; 9 Cyc. 639 (4), 641 (5), 646 (d), 688 (4).

The introduction of the depositions was consented to by appellee's attorneys but the depositions were excluded by the court as incompetent. It thereupon directed a verdict against appellants and from the judgment thereon, this appeal is prosecuted.

HART, J.   Baggott & Boyd sued Ashley, Drew &
Northern Railway Company to recover damages for an
alleged breach of contract.

The railway company operated a line of road from
Crossett to Monticello, in Arkansas, and R. O. Roy was
its president and general manager.   Baggott & Boyd
formed a partnership to do automobile repairing and
located their shop near the terminal of the defendant's
railroad in Monticello.

F. T. Boyd testified that soon after Mr. Baggott and
himself formed a partnership to do automobile repairing
in the town of Monticello and soon after defendant's line
of road was completed to that point, R. O. Roy, the presi-
dent of the road, approached them on the question of
doing repair work for the railroad.   Boyd further said: he
made detailed suggestions to us as to the equipment
necessary for that work.   At his suggestion I rented
another building and purchased a larger forge and
anvil and also other machinery which would be needed
in repairing engines and cars for a railroad, but
would not be needed in repairing automobiles.   The
defendant railway company constructed a spur track
on the lots on which was located the new building leased
by us.   The spur track was extended to another railroad
company's tracks and was used as a transfer track.   Our
firm equipped itself to do the repair work but the railroad
never gave us any work except to repair one engine. · The
witness stated in detail the expenses his firm had been out
preparatory to doing the repair work for the railroad, but
the view which we shall hereinafter express renders it
unnecessary to further abstract that testimony.   On the
part of the defendant it was shown that it never made any
definite contract with the plaintiff to do repair work on the
engines and cars of the railway company.

The jury returned a verdict for the plaintiffs in the
sum of $464.00, and from the judgment rendered, the
defendant has appealed.

It is contended by counsel for the defendant that the
contract was too indefinite to be enforceable and that no
breach of the contract could be assigned which could be

measured by any test of damages from the contract itself. On this point we quote from the testimony of F. A. Boyd as follows:

"Q.. State what this contract entered into in the Allen Hotel was?

A.   We went over to the Allen Hotel and discussed what we would need, and decided what we would need; and Mr. Roy said that if we would go ahead and put them in the shop, he would give us work, until he could get a shop or fix things more to his liking.

Q.   Did he say how long that would be?

A.   No, sir

Q.   Did he say anything about the length it would probably be.

A.   No, sir."

Again he was asked what price his firm was to get for work and answered a reasonable price, saying no certain price was set.   He stated that he did not remember whether there was anything said as to who was to furnish the materials but that he supposed his firm was to furnish them.   Again he stated that no agreement was reached as to the length of time the contract was to run or the price to be paid for the work.   Boyd had purchased the interest of Baggott before this suit was instituted.   Baggott and Roy both testified that no contract was entered into and that the firm of the plaintiffs was not equipped to do railway repair work.

The verdict of the jury, however, must be tested by the evidence of the plaintiffs.   According to the testimony of Boyd when given its strongest probative force, the terms of the contract were not sufficiently definite to enable the court to render it enforceable. Under the testimony of Boyd, Roy did not bind the railroad company to give the plaintiffs his repair work for any particular length of time and it could not be shown that he would ever call upon them to do any repair work.   The railroad company could do so or not as it pleased.   Nor could it be shown that the parties would ever agree upon the price to be paid for the work.   The testimony of Boyd himself brings the case squarely within the principles decided in

*Somers* v. *Musolf*, 86 Ark. 97. The contract is so indefinite that it is incapable of being enforced. It is evident that courts neither specifically enforce contracts nor award substantial damages for their breach when they are wanting in certainty. Damages cannot be measured for the breach of an obligation when the nature and extent of the obligation is unknown, being neither certain nor capable of being made certain. 6 R. C. L. 644; Page on Contracts, Vol. 1, sec. 28.

It follows that the judgment must be reversed and the plaintiffs' case having been fully developed, their cause of action will be dismissed.