MOORE v. ELLIS.

Opinion delivered March 4, 1918.

APPEAL AND ERROR—INSTRUCTIONS—EXCEPTIONS IN GROSS.—Where
several prayers for instructions are offered and are denied and the
appellant excepts to the court's ruling in gross only, or by general
exceptions to the ruling of the court in refusing these prayers, such
exceptions will not be considered on appeal where any of the prayers
are erroneous.

Appeal from Little River Circuit Court; *Jefferson T.
Cowling,* Judge; affirmed.

*June R. Morrell,* for appellant.
*O. B. Perkey,* of Texas, of counsel.
The court erred in its instructions. 97 Ark. 438.

*A. D. Dulaney* and *Jno. J. Dulaney,* for appellee.

1. Argue the law and facts citing many cases. The
instructions given are the law, those asked by appellant
were erroneous.

2. An exception in gross to the instructions is not sufficient and will not be considered on appeal. 75 Ark. 181; 84 *Id.* 73; 87 *Id.* 614; 114 *Id.* 415.

### STATEMENT OF FACTS.

This suit was instituted by the appellee against the appellant to recover the possession of a certain tract of land in Little River County, which appellee alleged he had leased to appellant and that appellant unlawfully remained in possession of the land after the term of the lease had expired.

Appellant denied the material allegations of the appellee's complaint and set up that he occupied the land in controversy under the lease and under verbal contract with appellee, that under the verbal contract he might remain in possession of the land during the year 1917, and that appellee knew that appellant was occupying the same for that year and made no effort to obtain possession of the land until April 2, 1917, when appellant had a large portion of his crop planted and the balance prepared for planting, all of which the appellee knew.

It appears from the evidence that on January 16, 1912, appellee leased to appellant the tract of land in controversy for a term of three years. Appellant agreed to cultivate the land and appellant was also to put forty additional acres in cultivation, on which he was given a lease for three years beginning January 1, 1913. Appellant covenanted not to assign the lease without the consent of appellee and to surrender possession peaceably at the termination of the lease. One lease expired January 1, 1915, and the other January 1, 1916. That part of the lease which expired January 1, 1915, was extended for that year and likewise appellant was permitted to remain over and occupy the land for the year 1916 on that part of the lease which expired the first of that year.

The appellee testified that he extended the lease for the year 1916 and in 1917 he went to the appellant and offered to lease him the farm, which he was then occupying, for the year 1917 for the sum of $275, but appellant refused to pay that sum and therefore appellee rented the

land to his cousin. Appellant would not surrender the farm and on "March 27, 1917, appellee had written notice served on the appellant to vacate the premises.''

Appellant testified that appellee offered to rent him the place for the year 1917 for $275.00 and that he refused to pay it. Thereupon appellee told him, appellant, to remain on the place and if the sum of $275.00 was too much that he would rent it to him at a reasonable price. There was no further understanding as to what appellant should pay. Appellant did not cultivate but sub-rented it. Appellant admitted that the lease contract by its terms expired on December 31, 1916.

The appellant asked the court to instruct the jury as follows:

1. You are instructed that if you find from the evidence that plaintiff knew or had knowledge of the fact that defendant was holding over after his lease expired and stood by and permitted defendant to plant crops and otherwise prepare the land in question for planting, then, plaintiff would be estopped to claim possession of the lands at this time.

2. You are further instructed that if plaintiff stood by and had knowledge of the fact that defendant was planting a crop and otherwise preparing the soil for planting, plaintiff could not now recover but defendant would be entitled to a reasonable time within which to gather and harvest his crops, and plaintiff would only be entitled to a reasonable rental for the lands for the year 1917.

3. You are instructed that if plaintiff rented the land to the defendant for the year 1917, then, in that event, plaintiff could not recover and your verdict should be for the defendant.

The court refused these prayers for instructions, and the court on its own motion instructed the jury. The exception reserved to the ruling of the court in refusing appellant's prayers for instructions and in giving instructions of its own motion is as follows: "which action of the court in giving instruction on its own motion and refusing

to instruct the jury as requested by the defendant, defendant at the time excepted."

The jury returned a verdict in favor of appellee. Judgment was entered in his favor from which appellant duly prosecutes this appeal.

WOOD, J., (after stating the facts). The exceptions to the ruling of the court in refusing appellant's prayer for instructions and in giving instructions on its own motion were *en grosse.*

The instruction given by the court on its own motion was not inherently erroneous. Appellant did not ask that the instruction be paragraphed and did not make any specific objection to any particular portion of the instruction. The first and second prayers for instructions by the appellant were abstract and erroneous. They ignored the contention of the appellee, which contention his testimony tended to prove, that he did not lease the premises to the appellant for the year 1917 and did not consent for appellant to remain in possession of the same for that year.

The testimony of the appellee tended to show that in January, 1917, he rented the premises to another party, his cousin, and that as soon as he was informed that appellant would not surrender the premises he gave him verbal and written notice to vacate the same.

Appellant's testimony on the contrary tends to prove that appellee did rent him the premises for the year 1917. So the testimony did not warrant any instruction on the issue of estoppel and the court did not err in refusing appellant's first and second prayers for instruction. Appellant's third prayer for instruction is correct, but where several prayers are offered and denied and there are only exceptions *en grosse* or general exceptions to the ruling of the court in refusing these prayers, same can not be considered on appeal where any of the prayers are erroneous. *Young* v. *Stevenson,* 75 Ark. 181; *Mathews* v. *State,* 84 Ark. 73; *St. L., I. M. & S. Ry. Co.* v. *Hambright,* 87 Ark. 614; *Tiner* v. *State,* 109 Ark. 138; *Hastings Industrial Co.* v. *Copeland,* 114 Ark. 415.

Since no exceptions were duly reserved to the rulings of the court in instructing the jury we must hold that the issues were correctly presented. There was evidence to sustain the verdict.

We find no reversible errors and the judgment is therefore affirmed.