### TRUEMPER *v.* THANE LUMBER COMPANY.

### Opinion delivered July 10, 1922.

1. CONTRACTS—WAIVER OF BREACH.—Where a party to a contract, with knowledge of a breach by the other party, accepts money in performance of the contract, he will be held to have waived such breach.

2. SALES—SUFFICIENCY OF EVIDENCE AS TO DAMAGES.—In an action for breach of a contract to deliver logs, evidence as to the amount of damages *held* to support the verdict.

3. SALES—INSTRUCTION AS TO MEASURE OF DAMAGES—GENERAL OBJECTIONS.—In an action for breach of a contract to sell logs, court's instruction that the measure of damages was the difference between the market value of the timber at the time and the contract price, without stating that the market value at the place of delivery was to be considered, was not open to a general objection.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; affirmed.

#### STATEMENT OF FACTS.

The Thane Lumber Company brought this suit against Joseph Truemper to recover damages for an alleged breach of contract in failing to deliver to it 200,000 feet of cottonwood logs and also for certain amounts advanced by the plaintiff to the defendant under said contract.

The defendant Truemper denied the allegations of the complaint, and by way of counterclaim sought to re-

cover damages against the plaintiff for an alleged breach of the contract on its part.

On the 15th day of May, 1917, Joseph Truemper entered into a written contract with the Thane Lumber Company to sell it 200,000 feet of cottonwood logs to be cut, hauled and rafted in the Mississippi River along the banks of the Montezuma Towhead in Phillips County, Ark. The price was $12.50 per thousand feet for the logs when placed in the raft.

Evidence was introduced by the plaintiff tending to show a breach of the contract on the part of the defendant and also to show the amounts advanced by the plaintiff to the defendant under the contract.

Evidence was adduced by the defendant tending to establish a breach of the contract on the part of the plaintiff.

The jury returned a verdict in favor of the plaintiff in the sum of $1,162.50 for money advanced by the plaintiff to the defendant under the contract, and for $400 damages.

The defendant has appealed.

*John I. Moore, Sr., J. G. Burke* and *John I. Moore, Jr.,* for appellant.

The letter was admissible, and the trial court committed reversible error by refusing to permit same to be introduced. 127 Ark. 385.

The testimony of Geo. W. Reese was not sufficient to sustain the finding of the jury as to the value of the logs in controversy. 1 Wigmore on Evidence, sec. 718, p. 815; 62 Ark. 1.

The court erred in its instruction as to the measure of damages. It should have instructed the jury that the measure of damages would be the difference between the market value at the time of the breach at the place of delivery and the contract price. 134 Ark. 300; 57 Ark 257.

*E. E. Hopson,* for appellee.

HART, J., (after stating the facts). The first assignment of error urged by the defendant for a reversal of the judgment is that the court erred in refusing to admit the carbon copy of a letter written by the defendant to the plaintiff. The letter is dated October 29, 1917, at Helena, Ark., and is addressed to the Thane Lumber Company at Arkansas City, Ark. The letter notified the plaintiff that the defendant had commenced rafting the logs and expected the plaintiff to take them up not later than the 2nd day of November. The letter tended to corroborate the defendant's claim that the plaintiff had committed a breach of the contract on its part by not sending for the logs after being notified to do so.

The undisputed evidence shows that the plaintiff advanced to the defendant, under the contract, the sum of $600 on the 23rd day of November, 1917, and that the defendant accepted that sum of money under the contract. This was subsequent to the alleged breach of contract by the plaintiff, and amounted to a waiver of it. The money was accepted with full knowledge of all the facts, and this calls for an application of the well-known rule that where a party to a contract, with knowledge of a breach by the other party, receives money in the performance of the contract, he will be held to have waived such breach. *Alf Bennett Lumber Company* v. *Walnut Lake Cypress Co.,* 105 Ark. 421; *Friar* v. *Baldridge,* 91 Ark. 133, and *Tidwell* v. *Southern Engine & Boiler Works,* 87 Ark. 52.

The next assignment of error is that the evidence is not sufficient to support the verdict. It is contended that the evidence of the amount of damages suffered by the plaintiff is not sufficiently definite to support the verdict.

The witness for the plaintiff on this point was George W. Reece, its secretary. He stated that he was familiar with the market price of cottonwood logs during the months of November and December, 1917, and knew

the general price that prevailed along the Mississippi River near Montezuma Towhead. He stated that most of his buying was up and down White River in and around Rosedale and in that vicinity. He also stated that his operations hardly ever extended up to Montezuma. Hence it is contended that his testimony does not warrant the verdict.

The witness stated further, however, the following: "Q. Would you say you are familiar with the prices in the vicinity of Montezuma Towhead in the months of November and December, cottonwood logs—? A. Yes sir, I think I am familiar with it. Q. And you would say that was a fair market price at that time? Yes sir. Q. What was? $17 to $18—depending on the logs."

The contract price of the logs was $12.50 per thousand feet, and the amount of damages found by the jury was $400. We think the evidence is sufficiently definite to warrant the finding made by the jury on this point.

The next assignment of error is that the court erred in instructing the jury that, in the event of a recovery by the plaintiff, the measure of damages would be the difference between the market value of the timber at the time and the contract price.

It is contended that the court should have told the jury that the measure of damages was the difference between the market value of the timber at the place of delivery at the time the contract was broken and the contract price.

The jury must be credited with common sense, and, when this is done, we do not think that any prejudice resulted to the defendant. As we have already seen, in discussing the preceding assignment of error, the secretary of the plaintiff finally stated that he was familiar with the price of cottonwood logs in the vicinity of Montezuma Towhead in November and December 1917, and stated what the price was. The jury could not have misunderstood the testimony on this point. It is true the witness said that his company had bought most of its

logs about this time at a point lower down on the river, but he fixes the price of cottonwood logs not upon what he paid for logs lower down the river, but on what he considered they were worth in the vicinity of Montezuma Towhead. The jury based its finding on his testimony, and could not have been misled by the instruction given.

Counsel for the defendant excepted to the instruction, but not on the ground now urged. If counsel deemed the instruction faulty, the defect should have been pointed out at the time by a specific objection, and doubtless the court would have amended the instruction to conform thereto.

We find no prejudicial error in the record, and the judgment will therefore be affirmed.