MILBURN-JOHNSTON GROCER COMPANY *v.* DAVIS.

Opinion delivered December 19, 1927.

1. SALES—WAIVER OF BREACH.—A letter to a seller stating that the buyer would accept bagging, not delivered within the time required by the contract, if delivery were made at once, waived breaches of contract theretofore existing.

2. SALES—WAIVER BY ACCEPTING PART OF GOODS.—A buyer's acceptance of half of the goods ordered, not delivered within the time required by the contract, *held* not to constitute a waiver of the seller's second breach of contract in not delivering such goods promptly as stipulated in the buyer's letter offering to accept them; such acceptance being merely the exercise of a reasonable effort to reduce damage.

3. SALES—DUTY OF BUYER TO MINIMIZE DAMAGES.—It is the buyer's duty to minimize damages from the seller's breach of contract, in failing to deliver goods by purchasing similar goods in the market, if possible, by the exercise of reasonable prudence.

4. SALES—FAILURE TO DELIVER GOODS—DAMAGES.—The measure of a buyer's damages for the seller's failure to deliver part of the goods promptly is the difference between the contract price and the market price of similar goods at the time and place when the undelivered goods should have been delivered pursuant to agreement.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; reversed.

## STATEMENT OF FACTS.

The Milburn-Johnston Grocer Company, a company engaged in the wholesale grocer business, sued S. P. Davis, a merchandise broker, to recover damages in the sum of $1,200 for an alleged breach of contract in the sale of bagging and ties.

John H. Johnston, president and manager of the plaintiff company, was a witness for it. According to his testimony, a contract for the sale of the bagging and ties was first made by conversations over the telephone. On July 16, 1925, the defendant wrote to the plaintiff a letter in which he confirmed the sale of 1,000 sixty-yard rolls of Hindoo new 2-lb. bagging and 2,000 bundles of new 45-lb. arrow ties at a stipulated price contained in the letter. Shipment was to be made as ordered to October 1, without carrying charge. The letter also contained a stipulation as follows: "All contracts subject to conditions over which I have no control." The defendant sent duplicate copies of the letter, and the plaintiff accepted the terms of the contract. On account of delay in the ships carrying baggage and ties of that make, only 600 rolls were delivered under the contract up to the first of October, 1925. After some further correspondence about the matter, on the 17th day of November, 1925, the defendant again wrote the plaintiff that he was doing the best he could about the bagging and ties, and was willing to substitute a different kind of bagging if the plaintiff would accept the substitution. On the 19th day of November, 1925, the plaintiff replied to this letter of the defendant and reminded him that it had 400 rolls of Hindoo bagging due under the contract, and that this amount was needed to take care of the contracts of sale it had made to its customers. The letter stated that the plaintiff had done the best it could to get its customers to accept the excuses which the defendant had made to the plaintiff in regard to the delay in the delivery of the bagging. The letter told the defendant that, if the plaintiff could get delivery at once on the 400

rolls of bagging, in order to stop suits which its customers had brought, it would accept the shipment.

According to the testimony of Johnston, the plaintiff agreed to accept the 400 rolls of bagging on November 19 in performance of the contract if the defendant would ship it at once. On the 28th day of December, 1925, a shipment containing 400 rolls of Hindoo bagging was received by the plaintiff from the defendant. The plaintiff accepted 200 rolls of the bagging because it could use that much in carrying out its contracts with its customers. The plaintiff refused to receive the remaining 200 rolls of the bagging, because it did not need them, on account of the season having closed. At the conclusion of the testimony of Johnston, the circuit court directed a verdict for the defendant, on the ground that the plaintiff had waived the breach of the contract on the part of the defendant by accepting the 200 rolls of bagging in December, 1925. From the judgment rendered in favor of the defendant the plaintiff has duly prosecuted an appeal to this court.

*Mehaffy & Miller* and *Culbert L. Pearce,* for appellant.

*McMillen & Scott,* for appellee.

HART, C. J., (after stating the facts). The judgment of the circuit court was wrong. Under the terms of the original contract, the bagging and ties were to be delivered by October 1, 1925. Up to this time the defendant had only delivered to the plaintiff 600 rolls of bagging, so that there was still due under the contract 400 rolls of bagging. The failure to deliver the bagging in the time required by the contract constituted a breach of the contract on the part of the defendant; but, according to the plaintiff's own testimony, this breach was waived by it. On November 19, 1925, Johnston, as president and manager of the plaintiff company, wrote to the defendant that the plaintiff would accept the remaining 400 rolls of bagging under the contract if delivery was made at once. The defendant delayed delivering the 400 rolls of bagging until the latter part of December, 1925. This

did not constitute a shipment and delivery at once, as required by the plaintiff.

The court, in instructing a verdict for the defendant, proceeded upon the theory that this additional breach of the contract was waived by the plaintiff accepting 200 rolls of the bagging when it was delivered in the latter part of December, 1925, and based its ruling upon *Truemper* v. *Thane Lumber Co.*, 154 Ark. 524, 242 S. W. 823. In that case there was acceptance of money for a shipment of logs after knowledge of a breach of the contract. There the money was received in payment of the logs in performance of the contract, and the other party had a right to consider that a breach of the contract had been waived by the acceptance of the money in part performance of it. Here the facts are different. The letter of November 19, 1925, written by Johnston to the defendant, was a waiver of all breaches of the contract which had occurred prior to that time, under the doctrine of the case just cited.

It became the duty of the defendant, however, to ship the remaining 400 rolls of the bagging promptly. This he did not do, and his delay in delivering the 400 rolls of bagging constituted an additional breach of the contract. It cannot be said, however, that, because the plaintiff received 200 rolls of this bagging, it waived this breach of the contract. If it had accepted the 400 rolls of bagging, the contract would have been at an end by performance on the part of the defendant and acceptance by the plaintiff. The plaintiff would have had the right, however, to reject the whole 400 rolls of bagging because of the delay in delivering it. Under the settled rules of law in this State, however, it would have been the duty of the plaintiff to minimize its damages; and if, by the exercise of reasonable prudence on its part, it could have purchased similar bagging in the market in the fulfillment of its contract, it would have been required to do so. *Young* v. *Berman*, 96 Ark. 78, 131 S. W. 62, 34 L. R. A. (N. S.) 977. Hence the action of the plaintiff in receiving the 200 rolls of bag-

ging which could be used by it was the exercise of a reasonable effort on its part to reduce the damages suffered by it, and did not in any sense amount to an acceptance of the bagging under the terms of the contract so as to constitute a waiver of the breach of it.

In this view of the matter, under the plaintiff's own evidence it is only entitled to damages for the failure to deliver 200 rolls of bagging promptly after its letter of November 19, and the measure of damages in such a case would be the difference between the contract price and the market price of similar bagging at the time and place when the 400 rolls should have been delivered pursuant to the letter written by the plaintiff to the defendant on November 19, 1925. *Clear Creek Oil & Gas Co.* v. *Bushmaier,* 165 Ark. 303, 264 S. W. 830.

For the error in directing a verdict in favor of the defendant the judgment must be reversed, and the cause will be remanded for a new trial.