Mary Gentry WELCH and Thomas J. WELCH
*v.* Gerald Dale COOPER
and Bessie COOPER

CA 83-275

670 S.W.2d 454

Court of Appeals of Arkansas
Division II
Opinion delivered May 23, 1984

264

*Harkness, Friedman, Kusin & Britt,* by: *Harry B. Friedman,* for appellant.

*Hawkins & Metzger,* by: *Jay P. Metzger,* for appellee.

Tom Glaze, Judge. This is an appeal of a chancery court's enforcement of a contract for the sale of land and a cross-appeal of the court's award of actual damages for trespass and punitive damages for assault. We affirm in part and reverse in part.

In 1972, Mary and Thomas Welch, appellants, and Gerald and Bessie Cooper, appellees, entered into a contract for the sale of some land owned by Mrs. Welch. The contract contained a provision giving the Coopers an option to purchase an adjoining parcel. In addition, the contract contained a "forfeiture" clause, providing that in the event of the Coopers' default, all the previous payments "shall be retained" by Mrs. Welch as rent and liquidated damages. The last clause of the contract contained provisions regarding the payment of property taxes on the land and the payment of rent for the use of the west parcel. That clause provided:

Gerald Dale Cooper has permission to dig and make pond larger and deeper as he deems necessary, and to keep all taxes paid when due. It is also agreed that Gerald Dale Cooper shall have the use of the W 1/2 of SW 1/4 of SE 1/4 of Sec. 17, Twp. 12S, Rge. 29, West, during the life of this contract with rent.

The Coopers made the down payment and made their annual payments on the outstanding balance for the east parcel. Mrs. Welch accepted all the Coopers' payments through 1978. During this same period and particularly on March 29, 1974, and April 11, 1974, Mrs. Welch's attorney sent notices to the Coopers informing them that they were in arrears on interest payments owed on the balance for the east parcel. The Coopers made up the arrearages, and Mrs. Welch accepted them.

In October of 1978, Mrs. Welch refused to sell the west parcel to the Coopers when they tried to exercise their option to purchase it. The Coopers filed suit for specific performance in March, 1979. The Coopers' final payment on the east parcel and a check for the 1973 to 1978 property taxes on the east parcel were returned to them along with a letter from Mrs. Welch's attorney, dated April 10, 1979, stating they had forfeited their rights under the contract by not paying property taxes due on the land and by not paying rent on the west parcel. The Welches counterclaimed for the rent on the west parcel. They also claimed actual and punitive damages, alleging that Mr. Cooper had committed an intentional trespass and "acts of assault, harassment and invasion of privacy."

At trial, the appellees testified that from the signing of the contract in 1972 until their receipt of the letter from Mrs. Welch's attorney in 1979, Mrs. Welch had never objected to the nonpayment of taxes or rent and that whenever the appellees had checked on the property taxes, the appellees found the Welches had alrady paid them. Appellee Bessie Cooper testified that Mrs. Welch mentioned property taxes only after she and her husband sued the Welches for specific performance. Gerald Cooper testified that he and Mrs. Welch had never discused the payment of rent by the

Coopers for use of the west parcel. Mrs. Welch, on the other hand, testified that there was a separate, oral agreement made in April, 1972, in which Mr. Cooper agreed to pay $350 rent for use of the west parcel. She stated that she repeatedly had asked Mr. Cooper to pay the taxes and the rent and that she had paid the property taxes before they were due to keep the land from being forfeited to the State. However, Mrs. Welch also stated that she paid property taxes on all real estate she owned, including the land in question, but never had sent the Coopers any notice informing them of the amount they owed her for the taxes she paid on the east parcel. She admitted that the notices to the Coopers about their interest payment arrearages did not mention their failure to pay property taxes or rent. She stated that she continued to accept payments from the Coopers on the east parcel despite their nonpayment of property taxes and rent on the west parcel, because she felt they would eventually pay her the property taxes and rent they owed.

On October 19, 1978, the Coopers sent Mrs. Welch a letter informing her that they intended to exercise their option to purchase the west parcel. The letter, containing an initial $500 payment, was returned to them marked "Unclaimed." Mrs. Cooper testified that, prior to mailing the letter, she had told Mrs. Welch that they (the Coopers) intended to exercise their option to purchase the west parcel, but Mrs. Welch responded that she did not want to sell the west parcel. Mrs. Welch countered that she had not received the letter of October 19, 1978, nor had she ever discussed the option provision of the contract with Mrs. Cooper. In addition, Mrs. Welch related that Mr. Cooper repeatedly came to her house intoxicated and verbally abused her. She also stated that Mr. Cooper had driven a bulldozer onto property owned by her son and grandson and had uprooted a mulberry tree in the summer of 1980. Mr. Cooper denied harassing Mrs. Welch and denied knocking down the mulberry tree.

In his decree, the chancellor ordered specific performance of the contract for the sale of the east and west parcels. The Coopers were ordered to pay the $467.88 in principal, interest and taxes remaining on the east parcel and the full

purchase price for the west parcel. He did not award the Welches any payments for rent on their west parcel, but he did award them $500 in punitive damages for harassment and $250 actual damages to the mulberry tree.

On appeal, appellants argue that the contract is unenforceable because the appellees did not pay taxes on the land and did not pay an annual rent of $350 on the west parcel. Appellees contend they did not breach the contract because appellants paid the property taxes themselves and because there was no duty on appellees to pay rent on the west parcel. Appellees also contend the appellants, by their conduct, waived any claim they might have had for either the taxes or rent. The chancellor found that the appellants, by accepting payments each year for the east parcel, waived their right to declare a forfeiture of the contract by appellees. He also found that the appellees had properly exercised their option to purchase the west parcel of land.

Of course, chancery cases are tried *de novo* on appeal, and the appellate court does not reverse the chancellor's findings of fact unless they are clearly erroneous (clearly against the preponderance of the evidence). Ark. R. Civ. P. 52(a); *Ballard* v. *Carroll,* 2 Ark. App. 283, 621 S.W.2d 484 (1981). The applicable or governing Arkansas case law concerning the waiver of the right of forfeiture is also clear. There is no doubt that a vendor may, by his acts and conduct, waive his right of forfeiture. Such a waiver will be found to exist when the vendor habitually accepts delinquent payments. *Ashworth* v. *Hankins,* 248 Ark. 567, 452 S.W.2d 838 (1970). *See also Truemper* v. *Thane Lumber Co.,* 154 Ark. 524, 242 S.W. 823 (1922); *Friar* v. *Baldridge,* 91 Ark. 133, 120 S.W. 989 (1909). According to Arkansas law, in most cases, the question of waiver is one of fact. *Freeman* v. *King,* 10 Ark. App. 220, 662 S.W.2d 479 (1984). Also, we must review the testimony in the light most favorable to the appellee, and indulge all reasonable inferences in the favor of the decree. *Arkansas State Highway Commission* v. *Oakdale Development Corporation,* 1 Ark. App. 286, 614 S.W.2d 693 (1981). From our review of the facts in this cause as set out above, we believe the chancellor's findings that the appellants had waived their right to declare a forfeiture and that the

appellees had exercised their option to purchase the west parcel are not against the preponderance of the evidence.

We must also reject appellants' other contention that the chancellor erred in refusing to grant them damages for past due rental on the west parcel. In this regard, the chancellor found that the appellants had not met their burden of proof on this issue. Whether there was an agreement between the parties for appellees to pay $350 rent for the use of the west parcel was clearly disputed. That dispute emanates from the parties' contract itself which lacks specificity regarding rental payments and which fails to recite any dollar amount for rent. The pertinent contractual provision in dispute reads:

> It is also agreed that Gerald Dale Cooper shall have the use of the . . . [west parcel] . . . during the life of this contract with rent.

In Arkansas, the general rule is that before a contract may be enforceable, it must be definite and certain in all of its terms. *Phipps* v. *Storey*, 269 Ark. 886, 601 S.W.2d 249 (1980). However, the parties, by their conduct, can enable a court to give substance to an indefinite term of a contract. In essence, the court looks to the conduct of the parties to determine what they intended. *See Beasley* v. *Boren*, 210 Ark. 608, 197 S.W.2d 287 (1946). Here, the chancellor found no conduct which would establish with any specificity the parties' intention regarding the payment of rent for the use of the west parcel, and from our examination of the record, we believe his finding was not against the preponderance of the evidence. Ark. R. Civ. P. 52(a).

Appellants also argue that their $500 recovery in punitive damages against appellee Gerald Cooper for his harassment of appellant Mary Welch was insufficient. We cannot agree. In fact, because the trial court found no actual damages for harassment, it erred in awarding punitive damages in any amount. The general rule in Arkansas is that punitive damages cannot be awarded in the absence of actual damages. *Winkle* v. *Grand National Bank*, 267 Ark. 123, 601 S.W.2d 559, *cert. denied*, 449 U.S. 880 (1980). Therefore, the

trial court's award of $500 for punitive damages to the appellants must be set aside.

Appellants also contend that their $250 recovery for actual damages to their mulberry tree when appellee Gerald Cooper trespassed was insufficient. Appellees respond that the chancellor did not have the authority to grant the $250 recovery to appellant Mary Welch because Mary Welch was not the real party in interest to prosecute the trespass counterclaim as required by Arkansas Rules of Civil Procedure 17(a). We agree with the appellees that the chancellor had no such authority.

Appellant Mary Welch admitted that at the time the tree was damaged she did not own the property on which the tree was located; she had previously transferred the property to her son and grandson. In his decree, the chancellor awarded the $250 actual damages to appellant Mary Welch as trustee for her son and grandson. Arkansas Rule of Civil Procedure 17(a) states that the "trustee of an express trust . . . may sue in his own name without joining with him the party for whose benefit the action is being brought." Here, no express trust existed. In Arkansas, such a trust can never be implied or arise by operation of law and can be proved only by some instrument in writing signed by the party enabled by law to declare the trust. *Hunt* v. *Hunt*, 202 Ark. 130, 149 S.W.2d 930 (1941). *See also Morris* v. *Boyd*, 110 Ark. 468, 162 S.W. 69 (1913). Clearly, the chancellor had no authority to grant $250 actual damages to appellant Mary Welch as trustee for her son and grandson, for no such relationship had been created by the parties. Thus, we also set aside this award.

On their cross-appeal, appellees contend the chancellor erred in ordering them to make a lump sum payment for the west parcel. They argue that this acceleration of payment was, in effect, a reformation of the contract. Because neither party requested a reformation of the contract, appellees feel the chancellor erred in ordering a lump sum payment. However, in their amended complaint, the appellees, as plaintiffs, pleaded:

That plaintiffs are entitled to a decree for specific

performance from this court ordering the defendant, Mary Gentry Welch, upon payment of the agreed purchase price to convey the following described property.

The agreed purchase price for the west parcel was $500 down and $190 an acre according to the original contract. The appellees had tendered the $500 down payment to appellant Mary Welch in 1978 and periodically had made the payments on the balance of the west parcel, but those payments were refused by Mary Welch. Appellees testified during trial that they had the money to pay the balance and would do so if the court ruled in their favor. The chancellor took the appellees at their word and ordered the balance payable. We find no reversible error in his having done so.

Affirmed in part and reversed in part.

MAYFIELD, C.J., and CLONINGER, J., agree.