Donna Sue SUTTON *v.* Bob Lynn SUTTON

CA 88-386                                             771 S.W.2d 791

Court of Appeals of Arkansas
En Banc
Opinion delivered June 14, 1989

*Buford Gardner*, for appellant.

*Elcan & Sprott*, by: *James D. Sprott*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from the Boone County Chancery Court. Appellant, Donna Sue Sutton, appeals from an order finding in favor of appellee, Bob Lynn Sutton. We reverse and remand.

The parties were divorced pursuant to a decree of divorce entered by the court on October 20, 1980. A property settlement agreement between the parties, filed the same day, was approved by the court but was not incorporated into the decree. This action was initiated by appellant on August 20, 1987. Appellant alleged that appellee had failed to comply with the property settlement agreement and asked that he be held in contempt or in the alternative that he be required to specifically perform the requirements of the agreement. After hearings on the matter, the chancellor entered an order finding that the property settlement agreement could not be enforced by contempt because it had not been incorporated into the decree, and that the provision of the agreement at issue was not enforceable because of indefiniteness. From that order comes this appeal.

For reversal, appellant argues: (1) The court erred in ruling the contract was vague; and (2) the court erred in ruling the contract was severable.

The provision at issue provides in pertinent part:

    4.   HUSBAND agrees to pay WIFE the sum of $500.00

per month as part of her interest in the property of the marriage, such payments to begin on November 1, 1980 . . . . These payments will be the responsibility of the HUSBAND during his lifetime and of his estate if the said WIFE should survive him. These payments are to cease upon the re-marriage of WIFE.

With regard to the provision, the chancellor stated:

It does not say what the amount of the total of the payments was to be. More importantly it does not say how long the payments are to continue. There is a provision that they stop if the wife should remarry. There is a provision that they do not stop if the husband should die. There is an indefinate [sic] period of duration otherwise . . . . The Court holds that the [provision] is not enforcable [sic] . . . .

Questions relating to the construction, operation, and effect of separation agreements between husband and wife are governed, in general, by the rules and provisions applicable in the case of other contracts generally. 24 Am. Jur. 2d, *Divorce and Separation* § 838 (2d ed. 1983). It has long been established that the first rule of interpretation is to give to the language employed by the parties to a contract the meaning they intended. *Lee Wilson & Company* v. *Fleming*, 203 Ark. 417, 156 S.W.2d 893 (1941). Where there is an ambiguity in any part, word, or words, it is the court's duty to place itself in the situation of the parties and ascertain if possible, from the language used, what the parties meant. *Bauer* v. *Dotterer*, 202 Ark. 1055, 155 S.W.2d 54 (1941). In construing a contract, if there are two constructions, each of which is reasonable, one of which will make the contract enforceable, and the other which will make it unenforceable, the court will prefer the construction which will make it enforceable. *Hastings Indus. Co.* v. *Copeland*, 114 Ark. 415, 169 S.W. 1185 (1914).

We believe the trial court erred in choosing a construction which makes the provision unenforceable. The provision in pertinent part states "These payments will be the responsibility of the HUSBAND during his lifetime and of his estate *if the said WIFE should survive him.*" (Emphasis ours). Conversely, the phrase may be reasonably construed to mean that if the wife does

not survive him, the responsibility of appellee or his estate is terminated. Words which fix an ascertainable fact or event, by which the term of a contract's duration can be determined, make the contract definite and certain in that particular. 17 Am. Jur. 2d *Contracts* § 80 (2d ed. 1964).

■ The omission of the total of the payments to be made also does not make the contract vague. Although appellee argues that annuity contracts are not analogous, we cannot agree. In exchange for her interest in certain property, appellant was to receive a fixed sum of money terminable upon her death or remarriage. Appellee has cited no authority that the omission of the total payments to be made would alone make the contract unenforceably vague.

Because we find that the contract may be reasonably construed so as to make it enforceable, we need not address appellant's second point for reversal. We have reviewed the chancellor's findings with regard to misrepresentation and unconscionability and cannot say he was clearly erroneous. The case is reversed and remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

COOPER, J., dissents.

JAMES R. COOPER, Judge, dissenting. I dissent because the trial court's ruling that the contract is vague and unenforceable is correct. The contract provides for monthly payments of $500.00, beginning November 1, 1980. The contract provides that payments are to cease only upon the remarriage of the appellant. There is no definite total sum appellee is to pay the appellant nor is there any conclusion to the payments if the appellant remains unmarried.

The agreement states that the "payments will be the responsibility of the HUSBAND [appellee] during his lifetime and of his estate if the said WIFE [appellant] should survive him." Thus if the appellant remains unmarried and the appellee dies the appellee's estate remains liable for the payments. If the appellant then dies after the appellee, the appellee's estate could conceivably remain liable for payments to the appellant after her death.

These payments were to be made as part of the appellant's interest in marital property; however, the contract does not list the value of the property she is receiving payment for. Without being able to define the time limits on the payments or the value of the property, the trial court had no alternative than to find that the contract was vague and unenforceable. *See Ashley, Drew & Northern Ry. Co.* v. *Baggott*, 125 Ark. 1, 187 S.W. 649 (1916); *Welch* v. *Cooper*, 11 Ark. App. 263, 670 S.W.2d 454 (1984).