**Kimberly Ray KRUPNICK and Bradley Ray, Appellants**

**v.**

**Barbara RAY, Appellee.**

**No. 94–3747.**

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1995.

Decided Aug. 3, 1995.

Richard F. Hatfield, Little Rock, AR, argued (Thomas J. Swearingen, on the brief), for appellant.

Ralph C. Ohm, Hot Springs, AR, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, MURPHY, Circuit Judge, and DAVIS,* District Judge.

DAVIS, District Judge.

Appellants, Kimberly Ray Krupnick and Bradley Ray, appeal from the judgment of the district court [1] denying their request that a constructive trust be imposed upon certain insurance proceeds paid to, or for the benefit of Appellee, Barbara Ray. The Appellants predicate their claim for a constructive trust on the Marital Termination Agreement ("the MTA") dated April 7, 1981, entered into by their parents, Dr. Gary P. Ray (Dr. Ray) and Julia Ray. The district court, sitting without a jury, found that the MTA was not ambiguous and that Appellants were not entitled to the relief sought because they did not comply with the terms of the MTA. We affirm.

Dr. Ray and Julia Ray were divorced in the State of California in 1982. As part of the divorce proceedings, Dr. Ray and Julia Ray entered into the MTA, the terms of which are the subject of this litigation.

The MTA provided, in relevant part, as follows:

8. *Child Support on Majority*

The parties understand that there is no legal duty of child support once said child attains age eighteen. The parties however agree that from and after each child's eighteenth birthday, that if said child wishes to go to college fulltime (sic), and if the parties approve of said college or university choice, that the parties will provide for the costs of this additional education to the best of their abilities to pay for same. During this same period, Husband will continue to carry each child on his medical and dental insurance health plan and pay for said costs.

9. *Life Insurance for Children*

The parties agree that the life insurance they presently have, namely Wife's $50,-000 term policy and Husband's $160,000 _____ policy, shall be kept up by each party with the children named as beneficiaries thereunder. Said life insurance proceeds shall inure to the benefit of the children, to cover their needs during minority and educational needs until the completion of college or higher education. Once the youngest child has completed his education, the proceeds remaining can be divided equally as between the children.

Shortly after the dissolution of their marriage, Dr. Ray married Appellee Barbara Ray. Thereafter, Dr. Ray purchased three life insurance policies. One of the policies, in the amount of $200,000 named Appellants as beneficiaries, the second, in the amount of $200,000 named the Dr. Gary P. Ray Profit Sharing Plan as beneficiary, and the third policy, in the amount of $45,000, named Barbara Ray as beneficiary. These insurance policies were purchased at the same time.

In January 1987, Dr. Ray and Julia Ray executed an amendment to the MTA. The amendment provided, in relevant part, as follows:

2. The parties agree that Paragraph # 8 of the 1981 Agreement relating to child support shall be modified to read as follows: The parties agree that there is no legal duty of child support once a child attains eighteen. Husband and Wife will each pay one-half (.5) of the college tuition for both Bradley and Kimberly as long as Husband agrees to the school and there is "normal" progression to a baccalaureate degree. Each child will continue to receive two hundred fifty ($250) dollars child support per month from the Husband as long as each is a full-time student and meets the above criteria. During this time period, husband will continue to carry each child on his medical and dental insurance health plan and pay for said costs.

\*      \*      \*      \*      \*      \*

5. All other terms of the Marital Agreement dated April 7, 1981, except as enumerated above remain unchanged.

---

* The HONORABLE MICHAEL J. DAVIS, United States District Judge for the District of Minnesota, sitting by designation.

In December 1989, Dr. Ray forwarded to each of the Appellants a copy of the $200,000 insurance policy to which they were the beneficiaries, with a letter advising them that since they were no longer dependent, they could maintain the policy by paying the premiums. He further advised them that if they did not pay the premiums, the policy would lapse. Appellants did not pay the premiums and the policy of insurance lapsed in February 1990.

Dr. Ray died in November 1993. Shortly after Dr. Ray's demise, Bradley Ray contacted Barbara Ray inquiring about the $200,000 insurance policy. Barbara Ray advised Bradley Ray that the policy had lapsed. On April 4, 1994, Appellants filed this complaint seeking to impose a constructive trust, in the amount of $160,000, on the proceeds of insurance received by Barbara Ray and the Gary P. Ray Profit Sharing Plan.

Trial was had to the court in September 1994. The district court held that because Appellants had not met the criteria required under Paragraph 8 of the MTA, as amended, Dr. Ray was free to discontinue maintenance of the insurance policy. The district court further determined that there could no constructive trust based upon its earlier finding that Dr. Ray was not obligated to maintain the life insurance policy for the benefit of the children. Consequently, the district court dismissed Appellants' complaint with prejudice. Appellants now bring this appeal.

■ In reviewing the determination of the district court, we are not bound by the clearly erroneous standard of Fed.R.Civ.P. 52(a). *Dingman v. United States,* 429 F.2d 70 (8th Cir.1970). There are no factual disputes over the evidence which supports the district court's decision. Nor are there questions of credibility. Where there are no disputes concerning the evidence or the credibility of witnesses and where the physical evidence upon which the court below premised its decision are before this court, no deference to the district court's determinations is required. *Frito–Lay, Inc. v. So Good Potato Chip Co.,* 540 F.2d 927 (8th Cir.1976). We therefore review the decision of the district court *de novo.*

■ Under the law of Arkansas, questions relating to the construction of separation agreements between husband and wife are governed by the rules applicable to other contracts generally. *Sutton v. Sutton,* 28 Ark.App. 165, 166, 771 S.W.2d 791, 792 (1989). This court is required to give to the language employed by the parties the meaning the parties intended. *Conley Transp., Inc. v. Great American Ins. Co.,* 312 Ark. 317, 319–320, 849 S.W.2d 494, 496 (1993). In the absence of some indication that the parties have invoked some specialized meaning for their words, the court is bound to give the language used in the contract its plain, ordinary meaning. *N.R.L.B. v. Superior Forwarding, Inc.,* 762 F.2d 695 (8th Cir. 1985). The contract is to be construed as a whole and the parts should be construed in a fashion which gives consistent meaning to each of its parts. *In re Workers Compensation Ins. Antitrust Lit.,* 867 F.2d 1552, 1567, n 27 (8th Cir.1989).

■ The law of Arkansas provides that it is the duty of the court to construe the contract according to its unambiguous language without enlarging or extending its terms. *North v. Philliber,* 269 Ark. 403, 406, 602 S.W.2d 643 (1980); *Christmas v. Raley,* 260 Ark. 150, 539 S.W.2d 405 (1976). Finally, it is the duty of the court to construe the language of the contract against the party responsible for its drafting. *Bradley v. Arkansas Louisiana Gas Co.,* 280 Ark. 492, 659 S.W.2d 180 (1983); *Gilstrap v. Jackson,* 269 Ark. 876, 601 S.W.2d 270 (Ark.App.1980).

■ Appellants assert that the district court erred in its construction of the MTA, as amended, because it did not construe the contract against the drafter. A review of the record reveals that the original MTA was prepared by counsel for Julia Ray, and that as to the amendment, the parties made notes as to what they each wanted in the amendment, and that Julia Ray took the notes to her attorney, who then drafted the Amendment. Therefore, any doubts concerning the meaning of the questioned provisions must be construed against Julia Ray and the Appellants.

Pursuant to the law of contract construction provided above, it is clear that the district court correctly construed the contract to effect the intent of the parties and to give consistent meaning to each of its parts. *In*

*re Workers Compensation Ins. Antitrust Lit.*, 867 F.2d at 1567, n 27.

Paragraph 8 of the original MTA provided the parties would pay the entire cost of college for both Appellants as long as they were going to college "fulltime". The Amendment modified that open ended commitment by limiting the potential costs to be borne by the parties to tuition, and an additional $250 per month in child support. The Amendment also provides that "normal progression to a baccalaureate degree" was required to qualify for the stipend. In addition, while the pre-amendment version of Paragraph 8 provided that Dr. Ray and Julia Ray reserved the right to approve of the educational institution, the Amendment reserved the right of approval of the institution only to Dr. Ray. Finally, Paragraph 8 of the MTA provided that both Dr. Ray and Julia Ray would pay, according to their respective abilities, the cost of the additional education. Pursuant to the Amendment, however, the parties were apportioned 50 percent of the costs of the college tuition without the limitation of ability to pay.

The district court found, and we agree, that the amendments to Paragraph 8 of the MTA were intended to strictly prescribe the obligations of Appellants and their pursuits of higher education in order to qualify for the financial assistance of their parents. Thus, to receive financial assistance from their parents for college, Appellants had to attend an approved college, fulltime, and on a normal progression to a degree.

The crux of this matter, however, concerns the construction which the district court accorded to Paragraph 9 of the MTA. Paragraph 9 provided that Dr. Ray and Julia Ray were to maintain life insurance policies for the benefit of the Appellants during minority and for their educational needs until the completion of college or higher education. Appellants argue that under the plain language of Paragraph 9, Dr. Ray was required to keep in force a policy of insurance which designated them as beneficiaries, without regard to the intent of the parties as to the remaining provisions of the MTA, specifically Paragraph 8.

Appellants argued in the district court and argue here that the intent of Paragraph 9 was to provide: a) for their benefit during their minority; b) for their respective educations in the event of the death of one or the other parent prior to the completion of their respective college educations; or c) an inheritance in the event that the parents died after the appellants graduated college.

We cannot accept Appellants construction of the MTA, as amended. The MTA, as amended, clearly indicates that Dr. Ray and Julia Ray were not prepared to provide indefinite, unlimited and unqualified support for their children after they attained age eighteen. If Dr. Ray had not passed away, it is clear that Appellants would not be entitled to financial assistance from either of their parents. The fact that Dr. Ray passed away does not change the obligations of the respective parties.

Appellants also argue that the life insurance policies were meant to be an inheritance for them. This argument is based upon the last sentence of Paragraph 9 which reads: "Once the youngest child has completed his education, the proceeds remaining can be divided equally between the children." Read alone, this sentence arguably supports Appellants' claims. Pursuant to the law of the construction of contracts, however, the sentence must be read in light of the contract as a whole. Having done so, we find that the clause "[o]nce the youngest child has completed his education ..." contemplates that the children are entitled to the life insurance proceeds only if they are entitled to financial assistance as provided in Paragraph 8, as amended.

The record before us reveals that appellant Kimberly Ray Krupnick graduated high school in May 1985. "Normal" progress toward a baccalaureate degree would have reasonably resulted in Kimberly's receipt of her degree in 1989, but she did not receive a Bachelor of Arts degree until 1992. Bradley Ray had only accumulated thirty-three hours towards a college degree, seven years after graduating from high school.

As the district court correctly observed:
    [Appellants'] conduct with respect to higher education pursuits did not meet the

criteria required under the AGREEMENT so as to legally require DR. RAY to maintain $160,000 worth of insurance on his life with [appellants] as beneficiaries thereof.... Dr. RAY had the right to discontinue the insurance coverage and ... neither he nor the personal representative of his estate could be held legally liable to [appellants] ...

Because we find that Dr. Ray was not legally required to maintain the $160,000 insurance policy pursuant to the MTA, as amended, and as Appellants failed to comply with Paragraph 8, as amended, Appellants request for a constructive trust must fail. Accordingly, the judgment of the district court is AFFIRMED.