FOURCHE RIVER LUMBER COMPANY v. EZELL.

Opinion delivered January 13, 1919.

1. CONTRACTS — MUTUALITY. — A contract whereby plaintiff was employed to load and haul as much timber as he pleased from a certain tract *held* void for want of mutuality.

2. DAMAGES—BREACH OF CONTRACT.—In an action for damages for breach of a contract, whereby plaintiff was to load and haul timber from a certain tract of land containing between four and five million feet of timber at a fixed price of $2 per thousand and 50 cents for loading, a verdict of $800 *held* not excessive in view of profits lost, where he was allowed to haul only half a million feet.

Appeal from Perry Circuit Court; *J. W. Wade,* Judge; affirmed.

*J. H. Bowen,* for appellant.

The court should have directed a verdict for the appellant.

There was no binding contract entered into between the parties. A contract to be enforcible must impose mutual obligations on both the parties thereto. 131 S. W. 460; 187 S. W. 327; 7 Am. & Eng. Ency. of Law, 114.

There was no testimony as to the terms of the contract except that of the appellee and witness J. B. Keys.

The court erred in giving plaintiff's instruction No. 1, relative to the mutuality of the contract.

The contract was void for want of mutuality and should be reversed.

*G. B. Colvin* and *Mehaffy, Reid, Donham & Mehaffy,* for appellee.

There was no error in giving plaintiff's instruction No. 1, relative to the mutuality of the contract. 3 Cyc. 249; 4 Corp. Juris. 712; 110 Ark. 188; 117 Ark. 504; 187 S. W. 327 (Ark.).

The evidence was abundantly sufficient to take the case to the jury, and the question of whether Ezell was given a contract to haul and load the entire section and whether it was the intention of the parties at the time

that he should be bound to fulfill his part of the contract by hauling and loading the entire section, under the evidence adduced, was properly submitted to the jury. 35 Ark. 156; 89 Ark. 368; 81 Ark. 337; 79 Ark. 268; 99 Ark. 648.

The judgment was not excessive.

SMITH, J.    Appellee recovered judgment for $800 to compensate the damage sustained by him from the breach of an alleged contract of employment to haul and load the timber off a certain section of land owned by appellant.   In making the contract which was made appellant was represented by one Keys, who is described as being the "woods superintendent" of the appellant, and a certain writing was made by Keys at the time of which the following is a copy:

"Co. Timber—Cut.

Co. Timber Haul ........................................................................$2.00
Co. Timber Load ...................................................................... .50

Sec. 17-3-17.
Hawthorne Timber.

Cut .......................................................................................... .65
Timber ................................................................................... 1.70
Haul ........................................................................................ 2.15

                                                                                    $4.50
Loading ................................................................................ .50

                                                                                    $5.00

J. D. Keys.

3-22-16."

It is at once apparent that this writing is not itself the contract, but is a mere memorandum which is made intelligible not only by parol testimony explaining its meaning.

There is no controversy about the Hawthorne timber referred to in the memorandum, but the litigation concerns the timber on Section 17.   Appellee testified that he was given the exclusive contract to haul all timber on

this section of land at $2 per thousand with an additional fifty cents per thousand for loading, and that to comply with this contract he bought additional teams at a cost to himself of $1,200. Appellee's own testimony was legally sufficient to support a finding that such a contract had been made as he testified to, and in this contention he was corroborated by three other witnesses.

The existence of this contract was flatly denied by Keys, who testified that the contract was only to pay $2 per thousand for such timber as was hauled and fifty cents for the loading, but that no exclusive right to log the section was given, and much testimony was offered in support of this contention.

These conflicting questions of fact, however, have been settled by the verdict of the jury in appellee's favor, and that finding is binding on us.

It is earnestly insisted, however, that the contract which appellee claims to have made was void for the want of mutuality; and that is the real question in the case. This contention is based upon appellee's answer to the following question:

"Q. Was there anything in the contract that bound you to continue hauling until that section was finished and all the logs taken off?

"A. Not that I know of. I asked Keys how much he wanted me to put in and he said just as much as you can, two or three cars a day. He said he doing that for the Neimeyer Lumber Company."

We do not think this answer is conclusive of the fact that appellee had a contract which permitted him to haul as much timber as he pleased and no more. Such a contract would have been void, as was expressly decided in the case of *Grayling Lumber Co.* v. *Hemingway*, 124 Ark. 354, where we said that a contract was not enforcible, through lack of mutuality, where defendant hired the plaintiff to haul logs at certain rates, as plaintiff alleged, for an entire year, where the plaintiff was in no way bound to perform. The jury might have understood from the answer set out above that the witness understood

that he was being asked whether he could quit temporarily or whether, on the other hand, it was expected of him that his hauling and loading be continuous until the entire section had been cleared, for the witness had testified unequivocally that he had a contract to haul all the timber on this section, and such a contract would have required that all timber be hauled, and not such portions only as appellee saw fit to haul.

It is finally insisted that the judgment was rendered for an excessive amount. But this cannot be true if the testimony of appellee is to be accepted, and this we must do in testing the legal sufficiency of the evidence. He testified that there were between four and five million feet of timber in that section, and that he was only able to haul about one hundred and fifty thousand before other teams were employed, and that he had only hauled about half a million feet before the job was completed. That the hardest and least profitable part of the job consisted in the haul from a portion of the section referred to as the bottoms, and that he had done this hauling before the other teams were put on the job, and that on the remainder of the land he could easily have made a dollar per thousand profit on the haul. This testimony would have supported a much larger verdict than the $800 which the jury found to be the amount of the damages.

No error appearing, the judgment is affirmed.