## SILBERNAGEL et al. v. HIRSCH DISTILLING CO.

### No. 11095.

Circuit Court of Appeals, Eighth Circuit.
Nov. 23, 1938.

E. D. Dupree, Jr., of Pine Bluff, Ark. (Reinberger & Reinberger, of Pine Bluff, Ark., and Isgrig & Robinson, of Little Rock, Ark., on the brief), for appellants.

E. L. McHaney, Jr., of Little Rock, Ark. (Grover T. Owens and S. Lasker Ehrman, both of Little Rock, Ark., on the brief), for appellee.

Before STONE, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

The Hirsch Distilling Company, a Missouri corporation, brought this action to recover more than three thousand dollars for liquor, whiskeys and gins sold on open account to the defendant, Silbernagel and Company, wholesale grocery and liquor dealers in Arkansas. The debt was admitted in the pleadings and on the trial, but the defendant counter-claimed, alleging that plaintiff had entered into an exclusive selling agency contract with the defendant for the State of Arkansas and had breached the same by refusing to continue sales of its product to the defendant and by agreeing to sell its products exclusively to another dealer in the state. It was alleged in the original counter-claim that the exclusive agency contract was an oral contract fixing a definite period of duration and confirmed by the plaintiff in writing, but by amended counter-claim and definite declarations made on the trial of the case the defendant counter-claimant stood upon a writing only, which writing is in words and figures as follows:

"11–16–35

"To Silbernagel & Co.,
"Pine Bluff, Arkansas.

"For and in the consideration of $1.00 receipt for which is hereby acknowledged and in the further consideration of Silbernagel & Co. 'pushing' Bondwood we hereby agree that we will give them the exclusive agency for Bondwood for the State of Arkansas.

"A. J. Harrington
"Signed Agent for Hirsch Distilling Co.
"Silbernagel & Co.,
D. S."

It appears that at the time the writing was executed, Silbernagel and Company ordered a substantial quantity of liquors from the plaintiff, which were duly delivered to and subsequently sold in whole or in part by defendant, but by letter of August 13, 1936, the plaintiff informed defendant that it had sold its entire line to another dealer in Arkansas and declined to fill another order from defendant.

Mr. Dan S. Silbernagel testified for defendant: "In furtherance of the contract we pushed the sale of Bondwood whiskey", and defendant offered to prove that the Arkansas concern to which the plaintiff had subsequently sold its liquors had made large profits out of reselling them in the territory and that the counter-claimant had about the same expense and equal selling facilities and could have realized an equal amount of profit if the plaintiff had not' terminated the agency.

The court excluded the offers of proof and, at the conclusion of the evidence and

830

on the plaintiff's motion, instructed the jury to return a verdict for the plaintiff on its admitted account owing and against the defendant on its counter-claim. The defendant appeals from the judgment rendered on the verdict.

No claim was made or proof offered that the defendant suffered any damage in respect to goods sold to it by plaintiff prior to plaintiff's termination of defendant's exclusive agency. The question for decision is whether the plaintiff had the right to terminate the defendant's agency without becoming liable to the defendant for the profit defendant would have made if the exclusive agency had continued.

The contract contains no undertaking or promise by the defendant that it would "push" Bondwood for any specified period of time, nor was there any promise by plaintiff to continue the exclusive agency to any definite or ascertainable date. No prices were agreed upon for the commodities to be sold by the plaintiff and bought by the defendant. If a promise on defendant's part to push Bondwood may be implied from the writing, such promise was left vague and uncertain as to what the pushing was to consist of, or as to the extent or degree of the "pushing" that was meant.

We think the Arkansas decisions clearly establish that the consideration of one dollar recited in the contract was insufficient to support any promise to give an exclusive agency contract, Marion Hotel Co. v. Dickinson, 141 Ark. 188, 216 S.W. 1049; Velie Motor Car Co. v. Kopmeier Motor Car Co., 7 Cir., 194 F. 324, cited with approval in Weil v. Chicago Pneumatic Tool Co., 138 Ark. 534, 547, 212 S.W. 313; see Hogan v. Richardson, 166 Ark. 381, 266 S.W. 299; and that the contract, if such there was at all (Somers v. Musolf, 86 Ark. 97, 109 S.W. 1173, 1175; Ashley, D. & N. Ry. v. Baggott & Boyd, 125 Ark. 1, 187 S.W. 649), was terminable, in so far as it was executory, at the will of either party. Ashley, Drew & N. R. Co. v. Cunningham, 129 Ark. 346, 196 S. W. 798; Slayden v. Augusta Cooperage Co., 163 Ark. 638, 260 S.W. 741; Fourche River Lumber Co. v. Ezell, 137 Ark. 270, 208 S.W. 298; E. I. DuPont De Nemours & Co. v. Claiborne-Reno Co., 8 Cir., 64 F.2d 224, 89 A.L.R. 238, and annotations; see, also, Greenspan v. Miller, 111 Ark. 190, 163 S.W. 776; Addressograph Co. v. Office Appliance Co., 106 Ark. 536, 153 S.

W. 804; cf. Johnson v. Johnson, 188 Ark. 992, 68 S.W.2d 465.

It is argued for defendant that the contract was supported by good and sufficient consideration, and was not void for uncertainty and that substantial damages were recoverable for plaintiff's termination of it, but no Arkansas cases are cited sustaining the points. We are not persuaded that the contract in suit can be distinguished from those passed upon in the Arkansas decisions. The court did not err in directing the verdict.

Affirmed.