Cite as 2021 Ark. App. 187

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-19-949

|  |  |
|---|---|
| | **Opinion Delivered** April 28, 2021 |
| EBF PARTNERS, LLC, A DELAWARE LIMITED LIABILITY COMPANY D/B/A EVEREST BUSINESS FUNDING<br>APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CV-19-1689] |
| V. | HONORABLE BETH BRYAN, JUDGE |
| LETHA'S PIES, LLC, AN ARKANSAS LIMITED LIABILITY COMPANY; RHONDA GLENN, AN INDIVIDUAL; TIMOTHY GLENN, AN INDIVIDUAL; JOHN DOES 1–10; AND JOHN DOES 11–20<br>APPELLEES | REVERSED AND REMANDED |

## BRANDON J. HARRISON, Chief Judge

EBF Partners, LLC, d/b/a Everest Business Funding (EBF), appeals the circuit court's denial of its motion to compel arbitration. EBF argues that the circuit court erred in holding that the arbitration agreement was invalid for lack of mutual obligation. We agree that in light of recent supreme court precedent, the circuit court erred. Therefore, we reverse and remand.

Letha's Pies, LLC, is an Arkansas company that makes frozen fried pies for resale to restaurants. In December 2016, Letha's Pies entered into a "Purchase and Sale of Future

Receivables Agreement" ("EBF Merchant Agreement") with EBF. That agreement contained the following arbitration provision:

## VI. ARBITRATION

IF EBF, Seller or a Guarantor requests, the other party and the Guarantor(s) agree to arbitrate all disputes and claims arising out of or relating to this Agreement. If a party or a Guarantor seeks to have a dispute settled by arbitration, that party or Guarantor must first send to the other party, by certified mail, a written Notice of Intent to Arbitrate. If the parties or the Guarantor(s) do not reach an agreement to resolve the claim within 30 days after the Notice is received, either party or the Guarantor(s) may commence an arbitration proceeding with the American Arbitration Association ("AAA"). . . . Seller and the Guarantor(s) agree that, by entering into this Agreement, they are waiving the right to trial by jury. EACH PARTY AND THE GUARANTOR(S) MAY BRING CLAIMS AGAINST ANY OTHER PARTY ONLY IN THEIR INDIVIDUAL CAPACITY, and not as a plaintiff or class member in any purported class or representative proceeding. Further, the parties and the Guarantor(s) agree that the arbitrator may not consolidate proceedings for more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding, and that if this specific provision is found unenforceable, then the entirety of this arbitration clause shall be null and void.

SELLER AND ANY GUARANTOR MAY OPT OUT OF THIS CLAUSE. To opt out of this Arbitration Clause, Seller and/or Guarantor may send EBF a notice that the Seller or Guarantor does not want this clause to apply to this Agreement. For any opt-out to be effective. Seller and/or Guarantor must send an opt-out notice to the following address by registered mail, within 14 days after the date of this Agreement[.]

On 3 July 2019, Letha's Pies, along with the owners of Letha's Pies, Rhonda and Timothy Glenn (collectively "Letha's"), filed a class-action complaint against EBF, John Does 1–10, and John Does 11–20. Letha's argued that the arbitration clause contained in the EBF Merchant Agreement was unenforceable under state contract law and equity because it lacked mutuality of obligation:

2

[W]hile EBF seeks to limit a Plaintiff's remedies, EBF is afforded certain "self-help" remedies or extra-judicial remedies not afforded a merchant. . . . EBF is able to utilize the extra-judicial remedies that comes with a UCC lien. Finally, EBF obtains a confession of judgment from the merchant and its guarantors which it files with New York trial courts. As such, the arbitration clause only serves to restrict the merchant's rights and remedies and is not enforceable."

EBF moved to dismiss and to compel arbitration. EBF argued that there was mutuality of obligation; the arbitration agreement could be "activated" by either party, and once either party requests arbitration, then the other must arbitrate. EBF emphasized that Letha's had the option to opt out of arbitration entirely when it signed the contract.

The circuit court convened a hearing on 10 September 2019. At the onset, the court asked the parties to focus on the mutual-obligation issue. EBF argued that its arbitration agreement is unusual in that it is "conditional," that arbitration could be requested by either party, and once requested, all parties are bound to arbitrate. EBF contended that this arrangement was "fair" and "mutual." It also argued that other provisions for alternative "remedies" are necessary in case the parties do not choose arbitration. Letha's responded that only Letha's had to opt out of arbitration because EBF had already opted out per the terms of the agreement. Letha's argued that under the provisions in the contract, it is limited to arbitration to resolve disputes, but EBF is not.

From the bench, the circuit court found that there was no mutuality of obligation and denied the motion to compel. The court's written order stated,

6. The arbitration agreement contained in the Payment Rights Purchase and Sale Agreement executed by Plaintiffs and Defendant . . . is unenforceable for lack of mutuality. The Court finds the Agreement contains an opt-out provision allowing Plaintiffs to opt out of arbitration within 14

3

days.  However, section 3.2 of the Agreement, the remedies provision, leads this Court to determine that there is lack of mutuality.  The language in 3.2 states Defendant may proceed to protect and enforce its rights including, but not limited to, those remedies found in subsection (C).  Those include a confession of judgment to be filed with the clerk of any court.  Also, Section 3.2(E) states:

> EBF may proceed to protect and enforce its rights and remedies by lawsuit and, in any such lawsuit, under which EBF shall recover a judgment against seller, seller shall be liable for all EBF's costs of the lawsuit, including but not limited to all reasonable attorney's fees and costs.

7.  The Court finds the last paragraph of 3.2 to be the most telling statement regarding the lack of mutuality.  This paragraph states:

> All rights, powers, and remedies of EBF in connection with this agreement may be exercised at any time by EBF after the occurrence of a default, are cumulative and not exclusive, and shall be in addition to any other rights, powers, or remedies provided by law or equity.

As this provision states EBF's rights are cumulative, and not exclusive, the arbitration provision is not binding upon Defendant, and it can enforce its rights in arbitration or a court while Plaintiffs must opt out in order to proceed in court.

EBF has timely appealed from this order.

An order denying a motion to compel arbitration is immediately appealable pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(12) (2020).  We review a circuit court's order denying a motion to compel arbitration de novo on the record.  *Alltel Corp. v. Rosenow*, 2014 Ark. 375.  We are not bound by the circuit court's decision, but in the absence of a showing that the circuit court erred in its interpretation of the law, we will accept its decision as correct on appeal.  *Diamante v. Dye*, 2013 Ark. App. 630, 430 S.W.3d 196.

4

In deciding whether to grant a motion to compel arbitration, two threshold questions must be answered: (1) whether there is a valid agreement to arbitrate between the parties, and (2) if such an agreement exists, whether the dispute falls within its scope. *Robinson Nursing & Rehab. Ctr., LLC v. Phillips*, 2019 Ark. 305, 586 S.W.3d 624. The focus of this appeal is on the first question—whether there is a valid agreement to arbitrate between the parties. We look to state contract law to decide whether the parties' agreement to arbitrate is valid. *Id*.

The same rules of construction and interpretation apply to arbitration agreements as apply to agreements in general. *Phillips, supra*. We have held that, as with other types of contracts, the essential elements for an enforceable arbitration agreement are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. *Id*. In Arkansas, the mutuality-of-contract element means that an obligation must rest on each party to do or permit to be done something in consideration of the act or promise of the other; that is, neither party is bound unless both are bound. *The Money Place, LLC v. Barnes*, 349 Ark. 411, 78 S.W.3d 714 (2002). It is well settled that a contract should be construed so that all of its parts are in harmony if that is possible. *Asbury Auto. Used Car Ctr. v. Brosh*, 2009 Ark. 111, 314 S.W.3d 275.

To reiterate, the circuit court found that the agreement does contain an opt-out provision that allows Letha's to opt-out of arbitration within fourteen days and a provision that allows either party to demand arbitration. This, on the surface, appears to be mutual. However, the circuit court interpreted another section of the agreement that allows EBF to

5

seek judicial remedies, and this section, according to the court, is "the most telling statement regarding the lack of mutuality." The problem with the circuit court's analysis is that the court conflated two different sections of the EBF Merchant Agreement.

In reviewing the agreement as a whole, the "Remedies" provisions of the agreement are divided into two sections. The parties may resolve their disputes in a judicial forum; or if one of the parties requests arbitration, then the parties must resolve their disputes in an arbitration forum. The "Remedies" section 3.2 of the EBF Merchant Agreement, which pertains to judicial remedies available to EBF only, provides the following:

> C.      If permitted under the laws of the State in which the seller resides; *Seller hereby authorizes EBF to execute in the name of the Seller a Confession of Judgment in favor of EBF* in the full uncollected Purchased Amount and enter that Confession of Judgment as a Judgment with the Clerk of any Court and execute thereon.
>
> . . . .
>
> E.      *EBF may proceed to protect and enforce its rights and remedies by lawsuit.* In any such lawsuit, under which EBF shall recover Judgment against Seller, Seller shall be liable for all of EBF's costs of the lawsuit, including but not limited to reasonable attorney's fees and court costs.
>
> . . . .
>
> G.      *EBF may debit Seller's depository accounts* wherever situated by means of ACH debit or facsimile signature on a computer-generated check drawn on Seller's bank account or otherwise for all sums due to EBF.
>
> . . . .
>
> All rights, powers, and remedies of EBF in connection with this Agreement may be exercised at any time by EBF after the occurrence of an Event of Default, are cumulative and not exclusive, and shall be in addition to any other rights, powers or remedies provided by law or equity.

6

(Emphasis added.)

The Security Agreement and Guaranty that was incorporated into the EBF Merchant

Agreement listed these "Remedies" as being available to EBF:

> Upon any event of Default, EBF *may pursue any remedy available at law* (including those available under the provisions of the UCC), or in equity, to collect, enforce, or satisfy any obligations then owing to EBF, whether by acceleration or otherwise.
>
> . . . .
>
> [U]pon the occurrence of an Event of Default, EBF may do the following, which Seller authorizes, and which may be exercised in EBF's sole and absolute discretion and *with or without legal process* or further notice or demand to EBF: (i) enforce payment and prosecute any action or proceeding with respect to any and all of the collateral; and (ii) foreclose the liens and security interests created under the Agreement and *sell the collateral by any available procedure, with or without judicial process*.

(Emphasis added.) Additionally, section 4.5 of the EBF Merchant Agreement provides in

part:

> Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach of this Agreement, shall, if EBF so elects, be instituted in any court sitting in New York, (the "Acceptable Forums"). Seller agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue. *Should such proceeding be initiated in any other forum, Seller waives any right to oppose any motion or application made by EBF to transfer such proceeding to an Acceptable Forum.*

(Emphasis added.)

The agreement provides for two different types of "forums": judicial and arbitration.

Although EBF has substantial judicial remedies if Letha defaults, the judicial remedies are

available only if Letha's does not request arbitration. If a defaulting event occurs, EBF had

the right to enforce the agreement in a judicial forum, unless the appellee requested arbitration. If the latter occurred, then EBF would be obligated to pursue arbitration.

That brings us to the main issue here. Does this agreement fail for lack of mutual obligation? We hold that it does not. The circuit court found that the agreement was not mutual because EBF could pursue judicial remedies while Letha's could not. The court erred.

The recent Arkansas Supreme Court decision, *Jorja Trading, Inc. v. Willis*, 2020 Ark. 133, 598 S.W.3d 1, controls. *Jorja* issued on 9 April 2020, well after the circuit court made its ruling, and nine days after EBF had filed its principal brief with this court. In *Jorja*, our supreme court addressed the mutuality-of-obligations element in the context of an arbitration clause within an installment-sales contract. The circuit court denied a motion to compel arbitration finding that the parties' installment-sales contract lacked mutuality of obligation for three reasons: (1) the contract reserved the right of both parties to seek self-help remedies, (2) the contract provided that both parties waive class-action lawsuits, and (3) it allowed appellants to reject appellees' selection of an arbitrator. The *Jorja* court explained,

> Appellants delivered possession of and financed a car in exchange for appellees' down payment and a promise to make future payments, satisfying mutuality of the installment-sales contract. Both parties agreed to arbitrate any disputes that could not be resolved in small-claims court and agreed on the parameters of arbitration should it occur. Despite this, the circuit court found that three provisions within the arbitration agreement of the contract destroyed mutuality because it could not conceive of scenarios where those provisions applied bilaterally. We disagree. This court has not required that every provision within a contract be bilateral. We therefore cannot require that every provision in an arbitration agreement be bilateral without violating

8

the FAA because doing so would hold arbitration agreements to a more stringent analysis than other contracts. Because the FAA preempts, we cannot single out a rule or application unique to arbitration agreements. *Kindred Nursing* [*Ctrs. Ltd. P'ship v. Clark*, 137 S. Ct. 1421, 1426–28 (2017)]. That is precisely what the FAA prohibits.

. . . .

Appellees assert that because the borrower cannot employ repossession, and no additional consideration was given for the reservation of that right, the arbitration agreement is invalid. Under our state-contract precedent, mutuality of obligation does not require a precisely even exchange of identical rights and obligations between the contracting parties. *Lindner v. Mid-Continent Petroleum Corp.*, 221 Ark. 241, 252 S.W.2d 631 (1952); *Johnson v. Johnson*, 188 Ark. 992, 68 S.W.2d 465 (1934). "It is enough that the duty unconditionally undertaken by each party be regarded by the law as a sufficient consideration for the other's promise." *Lindner*, 221 Ark. at 244, 252 S.W.2d at 632. And applying the Supreme Court's standards set in *Kindred Nursing*, the self-help provision cannot destroy mutuality of obligation unless we also conclude that giving one party the right to self-help negates mutuality in all contracts, even those without arbitration agreements. But no Arkansas contract principles would support such a rule.

*Id.* at 5–7, 598 S.W.3d at 5–6. In other words, the court cannot invalidate a provision within an arbitration agreement unless the court would likewise invalidate it under Arkansas contract law in general. *Jorja* also stated that mutuality was not destroyed despite Jorja's access to the judicial self-help remedy of replevin. Finally, *Jorja* confirmed that mutuality goes to the contract as a whole and not just an arbitration clause:

[U]nder Arkansas contract law, the failure of the appellees to receive precisely the same benefit from the arbitration agreement as appellants does not negate the entire contract's mutuality of obligation. *Lindner*, 221 Ark. 241, 252 S.W.2d 631; *Johnson*, 188 Ark. 992, 68 S.W.2d 465. Furthermore, as the Supreme Court held in [*AT&T Mobility LLC v.*] *Concepcion*, "although [the FAA's] § 2's savings clause preserves generally applicable contract defenses, nothing in it suggests an intent to preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives." 563 U.S. [333,] 343 [2011]. Thus, we hold that the class-action waiver does not violate

Arkansas contract law, and even if it did, the FAA would preempt such a rule under *Concepcion*. A similar class-action waiver provision would not invalidate the mutuality of obligation in other installment-sales contracts; therefore, it cannot destroy mutuality by appearing in an arbitration agreement within the same contract merely because it is applicable to arbitration.

*Jorja*, 2020 Ark. 133, at 8, 598 S.W.3d at 7.

For the reasons stated, we hold that *Jorja* requires us to reverse the circuit court's decision to deny the motion to compel arbitration. We therefore reverse and remand for further proceedings.

Reversed and remanded.

HIXSON and BROWN, JJ., agree.

*Burr & Forman LLP*, by: *Thomas K. Potter III*, pro hac vice, and *Zachary D. Miller*, pro hac vice; and *Waddell, Cole & Jones, PLLC*, by: *Kevin W. Cole* and *Austin E. Parkey*, for appellant.

*RMP, LLP*, by: *Timothy C. Hutchinson*, *Larry McCredy*, *Seth Haines*, and *Bo Renner*; and *Bishop Law Firm*, by: *Matt Bishop*, for appellees.