HOGAN *v.* RICHARDSON.

Opinion delivered December 8, 1924.

1. VENDOR AND PURCHASER—REVOCATION OF OPTION.—An option for the sale of land for a nominal consideration may be withdrawn at any time before acceptance, on notice to the vendee, but, where a valuable consideration is paid for an option, it cannot be withdrawn by the vendor before expiration of the time specified therein.

2. MINES AND MINERALS—REVOCATION OF OPTION.—An option to purchase an interest in oil and minerals in and under certain land, given in consideration of one dollar, and provided that upon acceptance a substantial sum should be paid, is based upon a nominal consideration, and may be withdrawn by the vendor on notice to the purchaser at any time before acceptance.

Appeal from Ouachita Chancery Court, Second Division; *George M. LeCroy*, Chancellor; affirmed.

STATEMENT OF FACTS.

Charles Richardson and Harriet Richardson, his wife, brought this suit in equity against C. B. Hogan and W. H. Strong to cancel a written option contract executed by the plaintiffs to the defendants, on the ground that they had withdrawn their offer before it was accepted by the defendants.

The defendants admitted that the instrument, which is the basis of this suit, was in law an option to purchase the oil, gas and other minerals therein described at the price of $6,000, but aver that the contract is a valid and binding one, because it is based on a valid consideration, and asked for specific performance of the same.

The instrument upon which the suit is based is as follows:

"This agreement, made this 13th day of July, 1922, by and between Charles Richardson and Harriet Richardson, his wife, hereinafter designated as party of the first part (whether one or more), and C. B. Hogan and W. H. Strong, of Denver, Colo., hereinater designated as party of the second part (whether one or more).

"Witnesseth: That said party of the first part, for and in consideration of one ($1) dollar, and other good and valuable considerations given by party of the second part, hereby agree to sell and deliver by warranty deed an undivided one-half (½) interest in and to all of the oil, gas and other minerals in, under and upon the following described lands lying within the county of Ouachita and State of Arkansas, to-wit: NE¼ and E½ of NW¼ of sec. 29, twp. 15 south, range 15 west, containing 240 acres, more or less; subject, however, to a certain oil, gas and mineral lease executed by party of the first part on the —— day of————, 19—, unto Sid Umstead on said lands, which lease is recorded in said county, and for the said consideration party of the first party agrees hereby to grant and convey unto the said party of the second part, and unto his heirs and assigns, the right to collect and receive, under the aforesaid lease, such undivided one-half (½) part and interest of all oil royalties and gas rentals due us, or that may become due us under the aforementioned lease.

"It is agreed that said party of the first part shall personally deliver an abstract of title to party of the second part, brought down to date of delivery, showing a good, marketable and record title in parties of the first part, and to allow attorney for party of the second part reasonable time after delivery to examine same, and, in the event any defects are discovered in this abstract. party of the first part shall have time to cure same, and in the event party of the first part do not correct these defects pointed out, the said party of the second part shall be allowed additional time to correct same if he so elects.

"The said party of the second part, upon acceptance of title to the above described oil, gas and mineral royalty, shall place to the credit of the party of the first part, in the First National Bank of El Dorado, Arkansas, the sum of six thousand ($6,000) dollars, a receipt of which shall be sufficient acknowledgment of payment.

"Witness our hands and seal this 13th day of July, 1922.

(Signed)    "CHAS. RICHARDSON,

her

"HARRIET  x  RICHARDSON.

mark

"Witness to signature:   J. Morgan Russell." ·

The instrument was duly acknowledged and filed for record.

As Frank Staples, the agent of Hogan and Strong, was leaving, Charles Richardson stated that he wanted the receipt to show that, unless Hogan and Strong exercised the option and took the property, he would get his royalty back. Staples then executed to him the following:

"This is to certify that the agreement made between Chas. Richardson and wife and C. B. Hogan and W. H. Strong is not a deal unless ($6,000) six thousand dollars is deposited to their credit in First National Bank of El Dorado, Arkansas, according to the agreement herein.

"C. B. HOGAN,

"W. H. STRONG."

According to the testimony of Charles Richardson, the company was drilling a well on his land at the time he signed the option contract, and the well was down about 1,700 feet. About five days after the option was executed Charles Richardson went to El Dorado to get the $6,000 which he understood was to be deposited in a bank to his credit by that time. He found that Hogan and Strong had not exercised their right to purchase under the option contract; but that they had filed it for record. On the 20th day of July, 1922, the plaintiffs brought this suit as above stated to cancel said option

contract as a cloud upon their title. The evidence shows that the option was worth $3,000.

Other facts appear in the record, but, inasmuch as they have no bearing on the issues raised by the appeal, we do not deem it necessary to state them.

After hearing the evidence the chancellor was of the opinion that the prayer of the plaintiff's complaint should be granted, and that the prayer of the defendants' cross-complaint should be dismissed for want of equity.

From a decree entered of record in accordance with the finding of the chancellor, the defendants have duly prosecuted an appeal to this court.

*Powell, Smead & Knox,* for appellants.

1. One who signs a contract after opportunity to examine it cannot be heard to say that, when he signed it, he did not know what it contained. 71 Ark. 185; 78 Ark. 177; 105 Ark. 37; 110 Ark. 632; 119 Ark. 553. Even though ignorant, he is bound under the law to know the contents of the paper signed by him. 109 Ark. 537. The evidence does not support the contention of appellees that it was agreed that they would be paid the six thousand dollars in three days; but such evidence was not competent, since its effect was to vary the terms of the written contract. 142 Ark. 234; 150 Ark. 428; 140 Ark. 384; 10 R. C. L., §§ 208, 209; 203 Mass. 122, 89 N. E. 189.

2. Appellees cannot seriously urge, on appeal, the want of mutuality in the contract. That is the distinguishing element of an option contract, which the contract involved here is. 27 R. C. L., par. 31, Options.

3. Appellees contend that, because no definite time was fixed in which appellants must exercise their option, the contract is not enforceable. It is clear that the parties contemplated that each should have a reasonable time in which to perform their respective obligations, but, if no time was fixed in the contract, the law would imply a reasonable time. 150 Fed. 85; 48 S. W. 1106; 75 N. E. 482; 51 N. E. 614; 64 So. 51; 73 Atl. 694; 155 Pac. 460; 103 N. E. 939; 120 S. W. 100; 152 N. Y. 491; 86 S. E. 583;

73 S. E. 253; 14 S. E. 249; 64 Atl. 938. Until appellees tendered performance on their part, they could not insist that appellant did not act within a reasonable time. 108 N. Y. 168; 72 N. E. 947.

4. As to whether or not a nominal consideration of one dollar is sufficient to support an option contract, it appears that this court has not passed directly on that point. True, in *Jones* v. *Lewis,* 89 Ark. 368, the court seems to hold that it is not a good and valid consideration, but, in that case, no consideration was paid at all. The great weight of authority in this country is contrary to that holding, and upholds the nominal one-dollar consideration as sufficient to support the contract, especially if under seal. R. C. L. 27, Vendor and Purchaser; 70 So. 680; 97 Pac. 163; 82 N. E. 645; 129 N. W. 425; 103 Va. 230; 48 S. E. 891; 51 N. E. 580; 27 Fed. 828; 168 N. W. 486; 97 S. E. 654; 186 Pac. 437; 100 S. E. 644; 178 N. W. 696; 181 N. W. 945.

*T. J. Gaughan, J. T. Sifford, J. E. Gaughan* and *Elbert Godwin,* for appellees.

1. The contract lacks consideration, and therefore cannot be enforced. Whatever the rule of law in other States, it is settled in this State that courts of equity will not enforce voluntary contracts, nor validate voluntary conveyances by reformation. 15 Ark. 519; 80 Ark. 458; 44 Ark. 182; 127 Ark. 54; 152 Ark. 387.

2. Treating the contract as an option, appellee was clearly within his rights in withdrawing from the option before its acceptance, the consideration therefor being merely nominal. 6 L. R. A. (N. S.) 403 and case note; 21 L. R. A. (O. S.) 127; 10 L. R. A. (N. S.) 195; 86 S. W. 558; 121 Fed. 674.

3. Equity will not enforce an unconscionable contract. 6 Pomeroy, Eq. Jur. par. 785.

4. No time limit having been fixed in the option for its acceptance, it was subject to being withdrawn by the optioner at any time. 121 Fed. 678; 21 L. R. A. (O. S.) 129, note; 31 Minn. 512; 56 Ill. 204; 96 N. Y. 565; 5 N. Y. S. 866; 87 Ky. 91.

Hart, J., (after stating the facts). The parties to this suit concede that the written instrument copied in our statement of facts, which is the basis of this lawsuit. is an option contract, within the rule laid down in *Indiana & Arkansas Lbr. & Mfg. Co.* v. *Pharr,* 82 Ark. 573, and we shall so treat it.

The consideration recited in the option contract was one dollar, and the defendants did not complete the contract by the payment of the $6,000 recited in it before the plaintiffs withdrew their offer. There is some conflict in the authorities as to whether or not there must be a valuable consideration for the option to render it more than an offer revocable before acceptance, but this court has recognized the rule to be that a recited consideration of one dollar is merely nominal, and that the offer may be revoked at any time before it is accepted. *Jones* v. *Lewis,* 89 Ark. 368.

In the earlier case of *Greenfield* v. *Carlton,* 30 Ark. 548, the court recognized that, in a complaint to enforce the specific performance of a contract for the sale of land, among other things, it was necessary to allege the execution of a binding agreement for a sufficient consideration.

Again, in *Ashcraft* v. *Tucker,* 136 Ark. 447, the court said that it is well settled in this State that an option contract, based upon a valuable consideration, does not lack mutuality, and that equity will compel the specific performance of such a contract when it has been accepted by the party seeking to enforce it.

The distinction between an option for the sale of land for a nominal consideration and one for a valuable consideration is that the former is merely an offer to sell and may be withdrawn at any time before acceptance, upon notice to the vendee; but in the latter, where a valuable consideration is paid for the option, it cannot be withdrawn by the vendee. before the expiration of the time specified in the option. *Ide* v. *Leiser* (Mont.), 24 Am. St. Rep. 19, and *Cummins* v. *Beavers* (Va.), 106 Am. St. Reps. 881.

The reason for the distinction in the two classes of cases is clearly stated by Judge Lurton in *Bradford* v. *Foster,* 87 Tenn. 4, as follows: ''Before acceptance such an agreement can be regarded only as an offer in writing to sell upon specified terms the lands referred to. Such an offer, if based upon no consideration, could be withdrawn by the seller at any time before acceptance. It is the acceptance, while outstanding, which gives an option not given upon a consideration vitality. If, however, an offer to sell is made in writing, and, for a valuable consideration, time is given within which it shall stand open for acceptance, such an option is irrevocable. It is based upon a consideration, and has all the elements of a contract. Such a contract is a conditional agreement. Upon the vendee accepting the offer, a contract of sale between the parties is complete.''

The contract in the case at bar was a mere option given by Charles Richardson and wife to C. B. Hogan and W. H. Strong to purchase an undivided one-half interest in all of the oil, gas and other minerals in 240 acres of land, and there was no consideration to support the contract until Hogan and Strong should accept the offer of Richardson unless one dollar should be considered a valuable one. It would be therefore in the power of Richardson to withdraw his offer before it was accepted if the consideration was nominal, and he in effect did withdraw it by bringing the present suit.

It was conceded that an option to purchase land without consideration may be withdrawn at any time before acceptance, and that an option founded upon a valuable or adequate consideration cannot be withdrawn before the time specified therein has expired. This is the settled rule in this State, as will be readily seen by reading our cases cited above.

It is insisted by counsel for appellant, however, that the sum of one dollar named in the option contract is a valuable, or at least an adequate, consideration. The authorities on this point are in direct conflict, and we do not deem it necessary to cite or review them in this opin-

ion. We consider that the better reasoning and the right of the matter is that one dollar is not an adequate consideration for such an option. It is merely a nominal consideration, and should be disregarded by a court of equity. It cannot be said that the consideration for the option extends to and includes the purchase price named therein. The persons to whom the option was given were not to take possession of the property, nor were they to make any improvements thereon. The sole consideration for the option was the sum of one dollar.

In this respect the case is different from that of *Lawrence* v. *Mahoney,* 145 Ark. 310. There the court had under consideration an oil and gas lease which recited a consideration of one dollar, and an agreement by the lessee to drill an oil and gas well within a stipulated time. The obligation on the part of the lessee to drill the oil and gas well within a given time, or to pay an additional rental, constituted a substantial consideration to support the lease contract. The object on the part of the lessor was to have his property developed as oil and gas property, and the lessee agreed to develop it by drilling an oil and gas well on it.

It is not so in the case at bar. The option stated the terms and conditions on which the owner was willing to sell an interest in his land; but it was a mere proposal to sell the land until its terms were accepted. The holder of the option was not bound to do anything except to pay one dollar. This consideration was purely nominal and was infinitesimal in amount when compared with the value of the right granted.

It results from the views we have expressed that the court was right in dismissing the cross-complaint for want of equity and in granting the prayer of the complaint.

Therefore the decree will be affirmed.