KELLEY *v.* COLDREN.

5-929                                          290 S. W. 2d 424

Opinion delivered April 23, 1956.

[Rehearing denied June 11, 1956.]

*Giles Dearing,* for appellant.

*James Robertson,* for appellee.

J. SEABORN HOLT, Associate Justice. This is a suit for specific performance of an option contract to purchase real estate. Appellant, Mrs. Bertha Kelley (as vendor) and Mrs. Sarah Coldren (as vendee) on April 7, 1947, entered into an option agreement containing these provisions: "That Vendor is the owner of the following real estate situated in Cross County, Arkansas, described as follows, to-wit: Part of the West Half (W ½) of the West Half (W ½) of Section 34, bounded and described as follows: [then follows a complete metes and bounds description]. It is the understanding of the parties to this contract that the Arkansas State Highway Department contemplates moving Highway No. 64 to a route North of its present location, and possibly said Highway will cross the land and lots set out above. For and in consideration of one ($1.00) dollar cash in hand paid by Vendee, the receipt of which is hereby acknowledged, Vendor agrees with Vendee that if said Highway No. 64 crosses her land or lots above described, she will sell Vendee an acre of land on the South side of said Highway to be selected by Vendee for the sum of Five Hundred ($500.00) Dollars, provided said Highway is built within seven (7½) and one half years from this day. It is agreed that when said highway shall have been completed and opened for use, then within a reasonable time thereafter the vendee shall select said parcel of land on the south side of said highway, notwithstand-

ing the fact that the time limit mentioned in this agreement may not then have expired. Vendee agrees that if vendor plats said lands adjacent to said highway, when and if it is built across said lands that lots as set out above she will accept lots and parts of lots according to said plat sufficient to make one acre, provided she shall have at least Two Hundred (200) feet frontage on said highway.''

Appellant, in her answer to appellee's complaint for specific performance of this option contract, admitted the execution of the above option and also that the route of Highway No. 64 was changed so that it does cross her lands described therein, but denies that said Highway was completed or built and opened to the public for use within the 7½ years after the date of the option.

On a trial the chancellor entered a decree on the following fact findings: ''The court finds that the route of Highway No. 64 was changed and the new route crossed the lands of the defendant set out in the Option Contract and said Highway was built within 7½ years from the date of the signing of said Option Contract, and that the plaintiff has performed those conditions imposed upon her under the Option Contract within a reasonable time after her rights had accrued and the happening of the contingency upon which the Option Contract was conditioned, plaintiff having on the 6th day of October, 1954, exercised her option and selected the following acre of land on the South side of said Highway No. 64 to-wit: . . . And after the refusal of the defendant to execute and deliver her deed to plaintiff for said acre of land, plaintiff did on the 18th day of February, 1955, file this suit for specific performance of said Option Contract, and paid into this court $500.00 as a tender to the defendant in full consideration for the payment of said acre of land, and the court finds that specific performance of said Option Contract should be directed herein.''

For reversal appellant earnestly contends that the court erred in finding that the highway had been built and was open for use within 7½ years from the date

of the option, and also that the court erred in finding that appellee had exercised her option and selected the acre of land in question as required under the terms of the option agreement.

After a review of all the testimony, which we do not detail, we have concluded that the findings of the chancellor were not against the preponderance thereof. It appears clear to us that the relocated Highway No. 64 across appellant's property had been substantially built or completed when the appellee, within a reasonable time thereafter, exercised her option to select and buy the one acre tract in question, on October 6, 1954. It was then graveled and in use by the public. We find no provision in the option requiring black-top paving in building the highway, as appellant insists was contemplated. In fact, we find in it no provision for any kind of paving.

While it is true, as appellant argues, that the cited $1.00 consideration was not a valuable consideration, but merely nominal, and that appellant's offer to sell the one acre tract here might have been withdrawn by her had she acted before appellee's acceptance of October 6, 1954, however, the evidence shows that she did not act to withdraw said offer before appellee accepted. "It is the acceptance, while outstanding, which gives an option not given upon a consideration vitality," *Hogan* v. *Richardson,* 166 Ark. 381, 266 S. W. 299 and *Lion Oil Refin. Co.* v. *Flocks,* 199 Ark. 871, 136 S. W. 2d 163.

Appellant also argues there was no description of the one acre tract in the Option Contract sufficient to warrant specific performance. We do not agree. The option contained a complete description of all of the land out of which the one acre tract was to be selected, and carved, and provided that appellee should select this one acre tract "on the South side of said Highway. . . . and have at least Two Hundred (200) feet frontage on said highway." This was exactly what appellee did. We hold that this description was sufficient, along with proof adduced, to furnish the key to identify the one acre tract, and in accord with our long established rule that, "the contract [for specific performance] must

disclose a description which in itself is definite and certain, or one which is capable of being made certain by other proof, the contract itself furnishing the key by which the property may be identified," *Routon* v. *Walthour-Flake Co., Inc.*, 221 Ark. 354, 253 S. W. 2d 208.

Finding no error, the decree is affirmed.