MARY ELIZABETH SMITH *v.* NORTHEAST
RANDOLPH DEVELOPMENT CORP.

5-4979                                            445 S. W. 2d 87

Opinion delivered October 6, 1969

*Russell & Hurley,* for appellant.

*Dudley & Burris,* for appellee.

CONLEY BYRD, Justice. Appellant Mary Elizabeth Smith appeals from a decree of specific performance in favor of appellee Northeast Randolph Development Corporation, an Arkansas corporation not for profit, and for reversal relies upon the following points:

"I.     The option is void for lack of consideration.

"II.    The original option, if executed, was never exercised. The option was altered in a material form.

"III.   The appellant did not possess sufficient mental capacity to contract.

"IV.    An option taken for $1.00 is a continuing offer to sell that can be revoked at any time. The option was revoked by the appellant

"V.     The appellee at the time of the execution of

the contract had no legal entity to contract."

The record shows that on June 16, 1967, Mrs. Smith signed an option to sell real property on a form prepared by the United States Department of Agriculture for the Farmers Home Administration.

All dealings with Mrs. Smith were had through Leonard McCright, the County Supervisor for the Farmers Home Administration and one of her neighbors, Mr. R. L. Spencer. Mr. McCright and Mr. Spencer on Feb. 8, 1968, delivered, on a Farmers Home Administration form, an acceptance of the option and obtained Mrs. Smith's abstract of title. This acceptance was in accordance with the terms of the option. The exhibits indicate that Mr. McCright received a letter from Mrs. Smith's St. Louis attorney on Feb. 19, 1968, which was answered by Mr. John Burris, appellee's attorney of record, on Feb. 22, 1968. On Feb. 29, the St. Louis attorney formally declared the option terminated. Other exhibits show a tender of the $1,600 by the appellee on March 4, 1968.

The option is not abstracted but the description in the decree refers to a plat of the town of Maynard and to streets and cross fences. Leonard McCright testified that the corrected legal description was from the abstract and that the corrections were made later. He says that Mrs. Smith went out on the property with them and that they stepped off the various distances as pointed out by her. Mr. McCright's exact testimony is as follows:

"Q.   But you do not want the description that Mrs. Smith originally signed?

"A.   It's off of her abstract.

"Q.   Now let me ask the question again. You do not desire to take title to the property on the

description as originally drawn up on this document that Mrs. Smith signed?

"A. You mean the federal government would not.

"Q. The federal government?

"A. No, they would not; they would not because it............No, they would not.

"Q. Is it a bad legal description?

"A. Yes.

BY MR. BURRIS:

"Q. Mr. McCright, both the description that was submitted in the deed and the description here describes the same tract of land, does it not?

"A. Yes, sir.

BY MR. RUSSELL:

"Q. Mr. McCright, working with real estate descriptions are you in a position to say that the description as originally written on the option is the same description as the changed description?

"A. Of course, you can see that it is not.

THE WITNESS:

"A. The thing of it is, it is the same land; and working with real estate descriptions, I do know that."

As we view the record, appellant's first point passes out of consideration because the overwhelming testimony in the record shows that the offer was accepted

before it was revoked. This also disposes of appellant's point IV for reversal. Points III and V are raised for the first time on appeal and consequently are not considered. This leaves only appellant's contention that the option was altered in a material form. With reference to the legal description we point out that the record does not contain a plat of the town of Maynard nor a survey of the property involved. Is this situation it is impossible for us to tell whether the alteration materially altered the 175 sq. ft. exception or whether it described the same property by commencing merely at a different point and going in a different direction to circumscribe the same property, as testified by Mr. Mc-Cright.

It's true that Mr. McCright said that the description as originally drawn by him was a bad legal description, but we cannot tell whether he meant that the description was void, that it did not properly describe the property according to some Agricultural Department requirement, or that it did not agree with the abstract.

Futhermore, the acceptance merely refers to the option granted on the 16th day of June 1967. The other testimony in the record shows that Mr. McCright did not have the abstract until the acceptance was delivered. Because of these facts we cannot say that the option was altered in such material form before delivery of the acceptance as to constitute a counter proposition instead of an acceptance.

In *Woods* v. *Spann,* 190 Ark. 1085, 72 S. W. 2d 850 (1935), we said:

"A material change is one which causes the instrument to speak a different language in legal effect from that which it originally spoke. It is the effect upon the instrument, and not the particular manner in which it is done, which is material, and therefore

an alteration, to be material, must not only be an actual alteration, but must be in a material part of the instrument, and must affect the rights and liabilities of the parties.''

Further, under the evidence here we are not in a position to say that the interlineations constituted a material alteration that would void the contract.

Affirmed.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice, concurring. I agree that Points III and V should not be considered on this appeal for the reasons stated. Consideration of other points for reversal is not possible by reason of the failure of appellant to abstract the option in question in compliance with Rule 9 (d).

On the basis of the testimony abstracted, it would appear that there was merit in the contention that the option was withdrawn before acceptance. This is because the testimony abstracted would indicate that the option was granted to R. L. Spencer and accepted by appellee. Since it was an option granted for $1.00, it was a continuing offer subject to revocation at any time before acceptance. *Hogan* v. *Richardson,* 166 Ark. 381, 266 S. W. 299; *Kelley* v. *Coldren,* 226 Ark. 266, 290 S. W. 2d 424. In the absence of an abstract of this option we cannot say to whom it was granted or upon what terms. Therefore, I would affirm the judgment of the trial court in accordance with Rule 9 (e).