Julius OWENS and his wife *v.*
Cleavell JONES and his wife

78-182                                574 S.W. 2d 267

Opinion delivered December 18, 1978
(Division I)

*Don Steel,* for appellants.

*Ed Alford,* for appellees.

GEORGE ROSE SMITH, Justice. On January 13, 1977, the parties to this suit signed a printed Farmers Home Administration form, entitled "Option to Purchase Real Property," by which the appellants, Mr. and Mrs. Owens, granted to the appellees, Mr. and Mrs. Jones, an option to purchase 79.37 acres of land for $27,779.50. Eventually the Joneses exercised their option to buy, but the Owenses refused to sell. The Joneses then brought this suit for specific performance. The Owenses, in appealing from a decree granting that relief, argue three points for reversal.

The first two points are overlapping and may be treated together. The option recited a consideration of "$1.00 in hand paid and other valuable consideration." It also recited that the option was given to enable the buyers to obtain an FHA loan for the purchase of the property and that "the Buyer's efforts to obtain a loan constitute a part of the consideration for this option." Jones testified that he actually paid the one dollar and that, in connection with the processing of the application for an FHA loan, he paid an attorney's fee of $125 and another unspecified item of $85.

The appellants argue that the recited one-dollar payment was merely a nominal consideration and that therefore they were entitled to terminate the option at any time, as they attempted to do in December, 1977, while the option by its terms was still in force. If the one dollar had been the only consideration, that argument would be sound, under our holding in *Hogan v. Richardson,* 166 Ark. 381, 266 S.W. 299 (1924). There we held that when the option is for a nominal consideration it may be withdrawn at any time before its acceptance, but when a valuable consideration is paid for the option it cannot be withdrawn before the expiration of the specified item.

The *Hogan* case, however, was distinguished in *Duclos v. Turner,* 204 Ark. 1000, 166 S.W. 2d 251 (1942), which is very similar to the case at bar. In *Duclos* the government option form, as here, recited a consideration of one dollar, but it appeared that the buyer had assumed an additional obligation. After discussing the rule of the *Hogan* case we went on to say:

The contract here sought to be enforced recites that it was executed upon a consideration of $1 in hand paid, and if there were no other consideration the rule above quoted would apply. We think, however, that it appears from the recitals of the contract, above quoted, that there were other considerations moving the parties to the contract. Duclos assumed the obligation recited, which suffices to constitute a valid consideration.

The present situation is even clearer than that in *Duclos*, for here the option expressly recited that the buyers' efforts to obtain the loan constituted part of the consideration. There is a reasonable basis for such a provision in the option, because without it the buyers might be unwilling to spend money in applying for the loan if the sellers could abrogate the option at will. It was to the interest of all parties that the loan be approved.

The appellants' third argument is that the option agreement was so unfair and unconscionable that it ought not to be enforced by a decree of specific performance. It is contended that a court of equity should not allow the buyers, in return for a comparatively small consideration, to speculate in real estate values for the duration of the option, which might have been as long as 20 months, and to hold the title in suspense for that time.

Entirely apart from the parties' freedom to make any lawful agreement they wanted to, the appellants' argument has little to do with the actual facts in this case. The appellees have not been speculating in real estate values. To the contrary, they have been determined from the outset to buy the land, which lies next to their home. The delay was primarily because the local FHA office did not have the money available to make the loan. It is the appellants who have tried to go back on their word, simply because they learned too late that the proposed sale would entail a substantial income tax liability. That disadvantage, however, is not chargeable to the buyers and is not a basis in equity for permitting the sellers to renege on their promise. Indeed, if the contract were cancelled on that basis, it would be the sellers, not the buyers, who would be chargeable with unconscionable conduct.

Affirmed.

We agree. HARRIS, C.J., and HOLT and HOWARD, JJ.